## SUPREME COURT.

SARAH JANE NAGLE *et al.* agt. ROBERT McGINNISS, Trustee, &c., *et al.*

### *Construction of a will.*

Personal property, although specifically bequeathed by the will, must be applied to the payment of the debts of the estate, before land devised can be made chargeable therefor.

Consequently, where the executor first applies the rents of the real estate to the payment of the debts in such case, it is a misappropriation of the funds, for which he will be held personally liable.

The objection that an executor can only be called to account by the surrogate is not well taken, as this court has also the right to call an executor to account.

*New York Special Term, March,* 1875.

*Coles Morris & Michael H. Cardozo,* for plaintiffs.

*H. B. Bradshaw,* for defendant Taggart.

*Charles J. Lowrey,* for defendant McGinniss.

VAN BRUNT, *J.* — One Mary Taggart died in the city of Brooklyn, having first duly made, published and declared her last will and testament.

By this will, after directing the payment of her debts, she gave and bequeathed unto her nephew, James Taggart, a certain bond and mortgage for $5,000. All the rest, residue and remainder of her estate, both real and personal, she gave, devised and bequeathed to her executors, in trust, out of said residue to pay to the Reverend John

Loughlin of Brooklyn the sum of $300 and also to set apart and invest the sum of $4,300 for the benefit of her sister, Sarah Nagle, and the sum of $3,600 for the benefit of her cousin, Susan Donnelly, and the balance of said estate she devised to her nephew, James Taggart. And for the purpose of carrying out the provisions of the will, she empowered her executors to sell the whole or any part of her real estate. The defendant Robert McGinniss alone qualified as executor.

The only personal property which the testatrix, Mary Taggart, left was the bond and mortgage for $5,000 specifically devised to her nephew. The amount of her debts was about $3,000. The only other property which the testatrix left was two lots of land with buildings thereon, situated in the city of Brooklyn, and Robert McGinniss took possession of these houses and out of the rents collected therefrom paid the debts of the testatrix. Very shortly after he assumed the duties of his trust he assigned the bond and mortgage hereinbefore mentioned to the defendant James Taggart.

Subsequently the said two houses and lots were sold under a foreclosure of mortgage and did not realize sufficient to provide funds the interest of which the plaintiffs were to receive.

This action is brought to remove the said McGinnis from his office as trustee, and to compel him to repay to the plaintiffs the $3,000 of the rents which he has appropriated to the payment of debts.

It is perfectly well established that the primary fund from which debts must be paid is the personal estate, and that such personal estate must be exhausted before resort can be had to the real estate for that purpose.

It is claimed however, in this action, that the only personal property which the testatrix left being specifically bequeathed, the debts became a charge upon the real estate. The case of *Rogers* agt. *Rogers* (3 *Wend.*, 503), decides that personal property specifically bequeathed must be applied to the pay-

Nagle agt. McGinnis.

ment of the debts of the estate before land devised by the will can be made chargeable. Nothing but an express declaration or plain manifestation of intention will exonerate the application of the personal estate and cast the charge upon the realty.

My attention has not been called to, neither have I been able to find, any case in conflict with the foregoing.

The principles settled by this case seem to have been acquiesced in since its decision, and dispose of the issue as to the fund from which the debts should have been paid in this case. The mortgage bequeathed to James Taggart was a primary fund and should have been applied to the payment of the debts before any charge was made of the same upon the realty.

That the defendant McGinniss has been negligent in the performance of his duties as trustee is apparent from the general manner in which he has executed his trust, as he has certainly not devoted that attention and care to it which he would have done had he been personally interested therein. But I do not see that he can be personally liable except for that portion of the rents of the real estate which he has misappropriated to the payment of the debts.

A reference should be ordered to ascertain the precise amount thus misappropriated and a judgment rendered against McGinniss for this amount with costs.

The objection taken by the defendant, that if the defendant McGinniss is executor he can only be called to account by the surrogate, is not well taken, because this court has also the right to call an executor to account.