---

In the Matter of the Final Accounting of CORNELIUS SWART *et al.*, Executors.

*Supreme Court, First Department, General Term, July 2, 1889.*

1. *Executors. Expenses.*—Expenses for professional services should not be allowed against an estate on the final accounting, without proof of their payment, reasonableness and necessity.
2. *Same.*—Proper expenses of administration and debts are to be paid before legacies, and, in this particular, take precedence of legacies, and when an executor reverses the order of payment, he does so at his peril.
3. *Same.*—Executors, who have acted in good faith, but have, through failure to understand the duties and obligations required of them, improperly administered the estate, and presented an illegal account for adjustment, should not be charged with costs personally.

Appeal from an order and decree of the surrogate.

*Maxwell Brothers*, for appellants.

*Robert J. Sanson*, for respondent.

INGALLS, J.—We have given to this case careful consideration, and have reached the conclusion that considering all

the facts and circumstances involved, that the decree of the
surrogate is just and defensible.   The executors, from the
commencement of their administration of the estate, under
the will of Lydia Casey, deceased, seem to have disregarded
the duties which the law imposed upon them as such execu-
tors, in the proper and orderly management of the estate,
and in the distribution of the fund.   In some instances
legacies which were mere bounties have been paid in full, in
preference to debts against the estate.   In other instances
liabilities have been created by the executors for profes-
sional services, and otherwise, and which they sought to have
allowed to them in their account against the estate by the
surrogate, without proof, either that they were reasonable
in amount, or necessary for the protection of the estate.
The surrogate was called upon to allow such items, in the
face of the fact that the executors had not even paid such
claims.   It appears that after rejecting the claim of John O.
Becker against the estate, that the executors instituted an
action against him, and prosecuted the same to a result
which was adverse to the estate, and a judgment for costs
was entered upon in his favor for $264.34, October 25th, 1887.

By their own showing, the executors, with a full knowl-
edge of the nature of the action against Mr. Becker, and in
which they assumed the risk of a judgment against the
estate for costs, proceeded to disburse the funds of the estate
by satisfying in full legacies created by the will of Lydia
Casey, to the prejudice of claimants who had debts against
such estate.

It is a well recognized principle of law that debts and the
proper expense of administration are to be first paid, and in
that particular they take precedence of legacies, and an ex-
ecutor who reverses the order of payment, does so at his
risk.   Nagle v. McGinnis. 49 How. P. Rep. 193.   Matter
of Dorr, 22 N. Y. State Rep. 124.   The decree of the sur-
rogate shows that he carefully examined the accounts of
the executors, and has adjusted them in accordance with

the legal rights of the parties interested in the estate. In doing so he was compelled to disapprove of the manner the executors had manipulated the funds of the estate, and to change the order of preference, which the executors had adopted, and to disallow many of the items contained in their account, some because the indebtedness had been created without authority, and in other instances for the reason that they were excessive in amount. In regard to some of the larger items claimed by the executors, and included in their account, they failed to furnish satisfactory evidence to the surrogate, that it was necessary or proper, to create such indebtedness. And in some instances the claims had not been paid by them, to the parties who had rendered the services upon the retainer of the executors. The decree of the surrogate shows unmistakable evidence that he has patiently and intelligently considered the matter, and has, as far as possible, considered the manner the executors have conducted the administration of the estate, adjusted their account so as to conform to the requirements of the law, and as far as possible, to protect the rights of all concerned. It would seem that the executors, with the amount of legal advice which their account indicates that they sought, would have been able to avoid the entanglement which the history of their administration exhibits. We are convinced that the decree of the surrogate is correct, and should be affirmed, with costs. We are not satisfied that the executors have acted in bad faith, but have rather failed to understand the duties and obligations required of them, and therefore should not be charged with costs, personally.

LEARNED, P. J. and LANDON, J. concur.