##### (Surrogate's Court, Westchester County. June, 1891.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—IMPEACHMENT OF VOUCHER.

    A voucher filed by an executor with his account may be impeached by showing that the amount thereof has not been actually paid, though the executor may be liable for such amount.

Final judicial settlement of the accounts of Charles C. Lloyd and Edward B. Butler, as executors of the will of Charles H. Butler, deceased. A voucher for $3,566.87 for money paid to S. F. Kneeland, as counsel, was objected to by Adelaide L. Butler, the widow of testator. The evidence showed that the executors had paid only $650 to Mr. Kneeland. For proceedings to appraise the estate under the collateral inheritance tax law, see 12 N. Y. Supp. 201.

    *Kneeland, Stewart & Epstein,* for executors.   *Frost & Manser,* (*C. Frost,* of counsel,) for residuary legatee.   *C. W. Horton,* for special guardian for minors.

COFFIN, S. The account shows that this estate was of the value of nearly $300,000. and it was to be expected that any competent counsel who advised and assisted the executors in the discharge of their duties should be suitably rewarded for his services. Much testimony has been taken in regard to their value, but as the matter stands it does not seem necessary for the court to enter upon the unpleasant and unsatisfying task of fixing such value, nor of determining whether certain of the items are properly chargeable to the executors. Ordinarily, when a duly verified account has been presented with proper vouchers for credits claimed, it is all that can be required of the accounting party. If, however, an item be objected to for which there is a proper voucher, the voucher may be assailed by the objector. He may show that the signature thereto is forged; that the amount it represents was not due to him who executed it; that it has not, in fact, been paid, or that only a portion of it has been paid. In short, he may impeach the voucher. Among the numerous cases on this subject, reference is made to *Metzger* v. *Metzger,* 1 Bradf. Sur. 265; *Clock* v. *Chadeagne,* 10 Hun, 97; *Swenarton* v. *Hancock,* 22 Hun, 43; *Austin* v. *Munro,* 47 N. Y. 360; *Budlong* v. *Clemens,* 3 Dem. Sur. 145; *In re Collyer,* (Surr.) 9 N. Y. Supp. 297; *In re Casey,* (Sup.) 6 N. Y. Supp. 608; and see section 2733 of the Code. In this case the voucher has been successfully impeached. It represents, and they swear in the affidavit annexed to the account, that the executors have paid to counsel for services rendered,

and for which they ask to be allowed, as expenses paid by them in the discharge of their official duties, the sum of upwards of $3,500, when the proof is that they had so paid only $650. They can be allowed only what they have actually paid, and not what they may be liable to pay. If they were to be allowed the larger sum, it is possible they might never pay the difference, and so gain it to themselves from the estate. This cannot be permitted. As has often been remarked in like cases, this is not a question as between client and counsel, but as between the executors and the estate. The impeachment of the voucher and of the affidavit verifying the account is not understood to be based upon any charge of fraud on the part of the executors or their counsel, but rather upon a misapprehension by them of the law on the subject. The item objected to must be reduced to the amount actually paid. The executors will be allowed costs as if there had been no contest, to be adjusted, and the contestant will be allowed costs of the contest, in like manner to be adjusted.