## *In re* HATHAWAY'S ESTATE.

*(Surrogate's Court, Cortland County, Filed July 15, 1893.)*

**1.** EXECUTORS AND ADMINISTRATORS—LEAVE TO ISSUE EXECUTION.

An order will not be made for leave to issue execution upon a judgment obtained against an administrator for a debt due by decedent, under Code Civ. Pro. sec. 1825, providing that an execution shall not issue against an administrator in his representative capacity unless an order permitting it to issue has been made by the surrogate from whose court the letters issued, which order shall specify the sum to be collected, and the execution must be indorsed with a direction to collect that sum, when it appears that the administrator fully accounted for all the assets which came to his hands, and there was no property of the estate in his hands, more especially when Code Civ. Pro. sec. 2552, provides that an order permitting such an execution to issue is, except upon appeal therefrom, conclusive evidence that the administrator has sufficient assets to pay the amount of the execution.

**2.** SAME.

In such case it is not essential, in an action brought by the petitioning creditor to set aside fraudulent conveyances of property made by the decedent, that the complaint should allege the issuing of execution upon the judgment against the administrator, nor is the fact that the execution has not issued a bar to the action, but if otherwise, some other authority should be given the surrogate to permit the execution to issue.

**3.** SAME.

Even if the court could issue such an order under the circumstances, facts should be presented which would enable the court to make an order specifying the amount that should be paid upon the judgment, or the *pro rata* share to which the petitioner would be entitled.

Application by a creditor of decedent for an order under Code Civ. Pro., section 1825, permitting execution to issue on a judgment obtained by petitioner against the administrator for the amount of his debt. Denied.

Horace L. Bronson, for petitioner; Kellogg & Van Hoesen, for administrator.

EGGLESTON, S.—Calvin L. Hathaway, of Solon, Cortland

County, N. Y., died August 15, 1885, intestate. Upon the 7th day of October of that year Riley Champlin was appointed administrator of his estate, duly qualified, and entered upon the discharge of his duties as such administrator. May 6, 1891, the administrator, upon his application, had a final accounting before the surrogate, and was discharged from further duty or liability in the matter. At the time of the accounting, it appeared that the estate was insolvent, and, upon the final distribution of the assets of the estate, the same were paid upon certain judgments rendered against Hathaway in his lifetime, which judgments were entitled to a preference in payments. The majority of the creditors received nothing upon their claims. June 30, 1891, Platt Peck, the petitioner herein, obtained a judgment against Riley Champlin, as administrator of the estate, for the sum of $6,625.60, which judgment was duly docketed in the clerk's office of Cortland County. The judgment obtained against the administrator was for an indebtedness which was created by the intestate during his lifetime. Execution was never issued upon the judgment, and nothing has ever been paid upon the same. Upon the accounting before the surrogate, Peck, the petitioner, who was a creditor of the estate, having been duly cited, appeared with others, and filed objections to the account of the administrator; but subsequently he, with the others, withdrew the objections, and the accounting was had without objection, and a decree entered discharging the administrator from further duty or liability in the matter. The petitioner now asks for an order or leave to issue execution upon said judgment, alleging in his petition recovery of the judgment, and upon his information and belief, that the administrator has in his possession or under his control personal property belonging to the estate, and also alleging that Hathaway, prior to the time of his death, had made fraudulent conveyances of his real estate to other persons for the purpose of cheating and defrauding his creditors, and that petitioner is desirous of bringing an action to set aside such alleged fraudulent conveyances and transfers of property; that he is advised and believes

that an execution must issue and be returned unsatisfied upon the judgment as a condition precedent to the bringing of an action in equity against the persons to whom it is alleged the fraudulent conveyances and transfers were made.   Upon the return of the citation issued in this proceeding against the administrator to show cause why an order should not be made that execution issue, the administrator interposed an answer, alleging the fact of the accounting had before the surrogate, the settlement of his account, and his discharge as such administrator.   The answer admits the rendering of the judgment against the administrator as alleged in the petition, and further alleges that the administrator has paid out, in the due administration of the estate, all the moneys in his hands, and that the same have been paid in accordance with the sanction and direction of the court.   There is no claim that the administrator has any property or funds in his hands belonging to the estate, or that he has not fully accounted for all of the property or assets of the estate which came into his hands as such administrator, and it was conceded upon the argument by the attorneys for the petitioner that the administrator has accounted for the assets of the estate which came into his hands, and that he has not now in his hands any property belonging to the estate of the deceased.

The only question to be determined here is:   Do the facts presented in the papers upon this application justify the making of an order permitting execution to be issued upon the judgment against the administrator?   No proof in support of the allegations in the petition was made upon this application before the surrogate.   By section 1825 of the Code of Civil Procedure it is provided as follows:

"An execution shall not be issued upon a judgment for a sum of money against an executor or administrator in his representative capacity until an order permitting it to be issued has been made by the surrogate from whose court the letters are issued. Such an order must specify the sum to be collected, and the execution must be indorsed with a direction to collect that sum."

29

The section just quoted should be considered in connection with section 2552 of the Code, which reads: "A decree directing payment by an executor, administrator, or testamentary trustee to a creditor of, or a person interested in, an estate or fund, or an order permitting a judgment creditor to issue an execution against an executor or administrator, is, except upon appeal therefrom, conclusive evidence that there are sufficient assets in his hands to satisfy the sum which the decree directs him to pay, or for which the order permits the execution to issue."

It is difficult to see from the papers in this case, considered in the light of the concession made—that the administrator has fully accounted for all of the assets which came into his hands—how such an order as the one sought for can be made. It is argued by the counsel for the petitioner that while they do not seek to reach any property in the hands of the administrator, and while they do not claim that there is any property in his hands belonging to the estate, it is necessary to obtain an order for such execution to issue, and that execution should be issued upon the judgment before an action can be brought by a judgment creditor to set aside the transfers alleged to have been fraudulently made by the intestate in his lifetime; and the order is sought only for the purpose of avoiding the decisions of the court making it necessary that such an order should be obtained before the court can have jurisdiction of the action. The case of Lichtenberg v. Herdtfelder, 33 Hun, 57, cited by the counsel for the petitioner, seems to be an authority in point in support of their position upon this motion. In that case the court, at General Term, held that, as no execution had been issued upon the judgment, the action brought to set aside certain fraudulent conveyances of real estate made by the deceased in his lifetime could not for that reason be maintained. Upon a review of the same case in the Court of Appeals, found in 103 N. Y. 302, 8 N. E. Rep. 526, the court seemingly does not concur in the decision made at the General Term upon that point, and Justice EARL, in his opinion, says: "At the General Term, as appears.

from the opinion there pronounced, the judgment was affirmed because no execution had been issued upon plaintiff's judgment. We think this action is without precedent, and that the judgment should be affirmed, but not for the precise reason stated in the court below."

It is to be regretted, especially in view of the fact of the dissenting opinion of Justice Davis in the case at General Term, that the Court of Appeals, upon review of the case in that court, did not more fully explain to what it referred when it stated that the action was "without precedent," and in some way pass directly upon the question decided at General Term.

Why is it necessary that execution should issue upon the judgment obtained against the administrator of Hathaway before an action can be brought by a judgment creditor for the purpose of setting aside any conveyances claimed to have been fraudulently made by Hathaway in his lifetime? Certainly, the administrator was not a party to such conveyances, nor can he be held liable in any way for any act done by the intestate, nor does he have any interest in or control of the real estate of the deceased, unless it becomes necessary to sell the same under the direction of the court to pay the debts against the estate. Then, again, the administrator has accounted for all the personal property that came into his hands as such administrator, and there is nothing in his hands that can be reached by execution. If there were assets remaining in his hands for which he should account, or if there were assets belonging to the estate, then such proceedings should have been had in Surrogate's Court as would tend to bring the property into that court for distribution upon the final and judicial settlement of the estate; but, as it is not claimed that there is any personal property in the hands of the administrator for which he is accountable, that question is of but little importance here.

It will be observed that the judgment was obtained against the administrator in his representative capacity, and is not a judgment rendered against Hathaway in his lifetime. By section 1823 of the Code it is provided that "Real property which

belonged to a decedent is not bound or in any way affected by a judgment against his executor or administrator, and is not liable to be sold by virtue of an execution issued upon such a judgment, unless the judgment is expressly made by its terms a lien upon specific real property therein described, or expressly directs the sale thereof."

Executions authorized by section 1825 of the Code are such only as can be issued against personal assets which are in the possession or under the control of the executors or administrators, and have no relation whatever to real estate. 103 N. Y. 306, 8 N. E. Rep. 526. Upon what theory, then, can it be claimed with any force that, in order to maintain an action to set aside such conveyance, it shall be necessary to have an execution issued upon a judgment such as was rendered against the administrator? It seems to me it would be as idle a ceremony as could be imagined, involving considerable labor that would be absolutely useless. "It is a maxim of law and of equity that it will not demand a vain thing." If it is the law that in cases like this it is incumbent upon a party bringing an action to set aside alleged fraudulent conveyances, to show that an execution has been issued upon a judgment rendered against an administrator, then some authority other than as provided for now should be given the surrogate to make such an order, and permit the execution to issue for that purpose. That a party should be permitted to bring his action goes without saying, and he should not be deprived of that right by any obstacle which he is utterly unable to overcome. He makes his application to the Surrogate's Court for the order, and that court is unable to make the order, for the reason that there are no assets or property belonging to the estate in the hands of the administrator. By the sections of the Code referred to, the order must specify the sum to be collected, and the execution must be indorsed with a direction to collect that sum; and when that order is made, unless the same is appealed from, it is conclusive evidence that there are sufficient assets in the hands of the administrator to satisfy the sum which the decree directs him to pay, or for which the order

permits the execution to issue.     Such an order would , be unjust to an administrator who had faithfully performed his duties, and accounted for all the assets which came into his hands, and might place him in contempt, as the only alternative he would have would be to appeal or to pay.     Before the surrogate can make the order, he must find that there are assets in the hands of the administrator sufficient to pay the sum for which an execution is authorized to issue.     Possibly, the order might be made that the execution issue for nothing, as that would be the only reasonable order that could be made in fairness to the administrator.     The case of Adsit v. Butler, 87 N. Y. 585, cited by the counsel for the petitioner, is not a case in point, as in that case judgment was obtained against the testator in his lifetime; though I am unable to see, even if the judgment in question had been obtained against Hathaway in his lifetime, under the existing circumstances, how the order asked for upon this application could be made.

Another and further reason might be urged why this order should not be made upon the papers presented.     At the time of the final settlement of the estate, it appeared that the assets of the estate were inadequate to pay the claims against the estate, and certain of the creditors, having a priority of payment of their claims, received nothing upon the same.     There is no proof in this proceeding of the amount of the claims remaining unpaid, nor is any evidence given from which to determine the amount which the petitioner would be entitled to receive upon his judgment.     Even if there was property in the hands of the administrator which could be reached under an execution, the petitioner would only be entitled to a *pro rata* share of the same, and that, too, after the judgments and claims having a priority had been paid.     No facts are presented which would enable the court to make an order specifying the amount that should be paid upon this judgment, or the *pro rata* share that the petitioner would be entitled to.     Assuming that there was $6,625.60 in the hands of the administrator undisposed of, it could not be claimed that an order should be made that an execu-

'tion issue in favor of the petitioner against the administrator for the collection of that sum, as the petitioner would not be entitled to that amount. Other creditors would be entitled to a portion of the money at least, and the petitioner would obtain no right to the money from the fact that he had been vigilant in attempting to recover the same, nor would he have any claim to the money over and above the rights of the other creditors.

For the reasons stated, the application for an order that execution issue should be denied, and I come to this conclusion more willingly for the reason that I do not deem it essential, in an action brought by the petitioner to set aside any alleged fraudulent conveyance of property made by Hathaway in his lifetime, that the complaint must allege the issuing of an execution upon the judgment rendered against Champlin, the administrator; nor do I deem the fact that such execution has not issued any bar to the petitioner's right to maintain the action, if the action can otherwise be successfully prosecuted to judgment.