In the Matter of the Application of THE CONGREGATIONAL UNITARIAN SOCIETY of Bernardston, Respondent, for an Order that Execution Issue upon the Judgment Obtained by it against LUCY ANN HALE and GEORGE W. DEBEVOISE, as Executrix and Executor Respectively, under the Last Will and Testament of JOSEPH P. HALE, Deceased, Appellants.

*Application for leave to issue an execution against executors — the surrogate may require an intermediate accounting by the executors — Statute of Limitations*

On an application by a legatee to the surrogate for leave to issue execution under the provisions of sections 1825 and 1826 of the Code of Civil Procedure, on a judgment obtained against the executors of an estate, the surrogate has the power to require an intermediate accounting to determine the question as to the amount of assets in the hands of the executors where the executors allege that an accounting out of court has been had between them and the parties entitled to the estate, and that the estate has been duly distributed among the parties entitled thereto, and that at no time since the commencement of the action referred to in the petition have they been in possession of any assets of the estate.

The fact that the Statute of Limitations has run against any application for an accounting for the purpose of compelling in that proceeding the executors to pay a legacy is not a bar to a proceeding for leave to issue execution on a judgment against the executors.

APPEAL by Lucy Ann Hale, as executrix, and George W. Debevoise, as executor, under the last will and testament of Joseph P. Hale, deceased, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 9th day of June, 1898, directing the appellants to render and file an intermediate account of their proceedings as such executrix and executor respectively, in order to ascertain the condition of the estate.

*Hugh Porter*, for the appellants.

*Frank G. Wild*, for the respondent.

INGRAHAM, J.:

The petitioner, having obtained a judgment against the executors for a legacy left to it under the last will and testament of the testator, applied to the surrogate for authority to issue an execution under the provisions of sections 1825 and 1826 of the Code of Civil Procedure. The testator died in the city of New York in the year

1883, and his last will and testament was admitted to probate on or about October 19, 1883. Letters testamentary were issued to the appellants as executors named in the will. Subsequently the petitioner commenced an action against the executors to recover the amount of a legacy, and on October 13, 1897, judgment was duly entered in favor of the petitioner against the executors for the amount of such legacy, with interest, which judgment was affirmed on appeal to this court. That judgment not having been paid, the petitioner applied to the surrogate for leave to issue an execution. In answer to that petition the executors, among other things, alleged that an accounting had been had between the executors and the parties entitled to the estate of the deceased out of court and that the said estate had been duly distributed among the persons entitled thereto, and that at no time since the action referred to in said petition, to wit, the 14th day of April, 1897, have the said executrix and executor, or either of them, either jointly or severally, been in possession of any assets of the estate of the deceased.

By section 1826 of the Code it is provided that where upon an application for leave to issue an execution it appears that the assets in the hands of the executors, after payment of all sums chargeable against them for expenses, and for claims entitled to priority as against the plaintiff, are not, or will not be sufficient to pay all the debts, legacies or other claims of the class to which the plaintiff's claim belongs, the sum directed to be collected by the execution shall not exceed the plaintiff's just proportion of the assets. By this answer of the executors a question was presented to be determined by the surrogate as to the amount of the assets of the estate in the hands of the executors. And by section 2725 of the Code, subdivision 1, it is provided that the surrogate may, in his discretion, make an order requiring an executor or administrator to render an intermediate account " where an application for an order, permitting an execution to issue on a judgment against the executor or administrator, has been made by the judgment creditor, as prescribed in section 1826 of this act." Thus, by the express provisions of the Code the surrogate, in his discretion, had the power to require an intermediate accounting upon such an application to determine the question of the amount of assets in the hands of the executors. The defense of the Statute of Limitations interposed by the executors is

no bar to this application. The right of the judgment creditor to commence a proceeding for leave to issue execution upon this judgment did not accrue until after the entry of the judgment, and that judgment was not entered until after October 13, 1897. The inquiry upon this application relates to the assets of the estate in the hands of the executors at the time the application was made, and under the provisions of the Code before cited the surrogate had to determine what, if any, assets were in the hands of the executors at that time, and to determine that question he was authorized to order an intermediate accounting. The fact that the Statute of Limitations has run against any application for an accounting for the purpose of compelling the executors to pay a legacy is not a bar to this proceeding, which is simply for leave to issue execution on a judgment against the judgment debtors. Whether plaintiff can collect anything on that execution cannot be determined in this appeal.

The order appealed from is right and is affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.