Appeal from Putnam county court.

Action by John C. James against John Post and wife. From a judgment for plaintiff in the justice court, defendants appealed to the county court, which reversed the judgment, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles Haines, for appellant.

M. R. Smith, for respondents.

---

### In re GALL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. April 25, 1899.)

1. ADMINISTRATION—ISSUANCE OF EXECUTION.

To entitle a judgment creditor under Code Civ. Proc. §§ 1825, 1826, 2552, to have an execution issued on his judgment against an administrator, it must appear either that the administrator has funds on hand applicable to payment of the judgment, which he refuses to apply, or that funds of the estate have been misapplied which ought to have been devoted to payment of the judgment.

2. SAME—ACCOUNTING—LIMITATION OF ACTIONS.

Where a claim against a decedent's estate was not recognized on an accounting and distribution, the statute of limitations did not commence to run against claimant's right to relief by way of having execution issued against the administratrix until he had obtained judgment against her on his claim.

3. SAME—JUDGMENT—CONCLUSIVENESS.

Where one of the issues raised in an action against an executor to establish a claim was whether plaintiff had served due notice of his claim on the executor, and the court found that such claim was presented, and awarded costs to plaintiff, the judgment in that action is conclusive on

the question of the due presentation of the claim in a subsequent proceeding to have an execution issued on such judgment.

Appeal from surrogate's court, Kings county.

Petition by Charles F. Gall for leave to issue an execution on a judgment in his favor against Amelia Gall, as administratrix of Joseph Gall, deceased. From an order denying his motion, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Ira Leo Bamberger, for appellant.
A. Simis, Jr., for respondent.

HATCH, J. It is not disputed that the petitioner, on the 22d day of November, 1897, recovered a judgment against the administratrix of the estate of Gall. Upon appeal being taken, the same was affirmed, and the order of affirmance duly entered on the 13th day of May, 1898. ·On the 3d day of September, 1898, application was made to the surrogate for an order requiring the administratrix to pay the judgment and for leave to issue execution for its enforcement, or for such other relief as might be proper. The moving papers also tended to establish that, prior to the commencement of the action in which judgment was recovered, the petitioner had caused to be served upon the administratrix notice of the petitioner's claim, with a demand for its payment. The application was met by proof tending to establish that no notice of claim had ever been given. It further appeared that, in the action in which plaintiff recovered his judgment, among the questions therein determined was the issue as to whether the plaintiff had in fact served notice of his claim against the estate upon the defendant therein. Upon this issue the court found that the plaintiff's claim was presented and exhibited by the plaintiff to the defendant about the month of December, 1890. The court thereupon made its certificate of such fact, and awarded judgment for costs against the estate of the decedent. It also appeared that prior to the entry of judgment, in March, 1892, the administratrix presented an account of her proceedings to the surrogate of Kings county, and that such proceedings were thereafter had as resulted in a decree, under date of April 7, 1892, settling said accounts and directing a distribution of the estate among the persons entitled thereto as specified in the decree. It appeared that upon such accounting the claim of the petitioner was not recognized or mentioned, that he was not served with a citation to appear upon such accounting, and otherwise had no notice and did not appear thereon. The evidence further tended to establish that the administratrix had distributed the money and property of the estate in accordance with the decree, and now has no assets of the estate in her hands. There is no proof by the petitioner that any moneys of the estate are now in the hands of the administratrix.

We are of opinion that, in order to entitle the petitioner to have an execution issue upon his judgment, he is required to show either that the representative has funds of the estate on hand applicable to

the payment of the judgment which he refuses to apply, or that funds of the estate have been misapplied which ought to have been devoted to the payment of the judgment. Such we conceive to be the necessary construction of sections 1825, 1826, and 2552 of the Code of Civil Procedure. We agree in the construction which has been placed upon these sections by the learned surrogate of Cortland county. In re Hathaway's Estate (Sur.) 24 N. Y. Supp. 468; Hauselt v. Gano, 1 Dem. Sur. 36. This was also the rule adopted by the surrogate of the county of New York, and his determination was affirmed on appeal. In re Congregation Unitarian Soc., 34 App. Div. 387, 54 N. Y. Supp. 269. It follows, therefore, that the surrogate was clearly right in denying leave to issue execution. This conclusion must result in the affirmance of the order from which the appeal is taken, as such order does not assume to determine any other question, and the appellant does not claim that any other right to which he might be entitled has been denied. The learned surrogate, however, has passed upon other questions, as appears from his opinion, which may seriously affect the petitioner in availing himself of those remedies to which we think he may resort; and, in view of such possible action, we are led to the expression of an opinion upon such questions, in order that a guide may be furnished for future proceedings. The decree which was made upon the final accounting was not binding upon the petitioner. The provisions of sections 2472 and 2742 of the Code of Civil Procedure only purport to bind those persons who are parties or have been served with notice of the proceedings. Where there has been such settlement and decree in derogation of a person's rights, he may attack the decree itself; and, procuring it to be opened, the administrator, as to him, must justify the distribution of the property of the estate, unless he be protected by other matters. It is said that the present decree is final, for the reason that the statute of limitations bars the petitioner's right to have it opened. This depends upon the time when the statute began to run. It could not begin to run until the claimant had established his interest in the estate, as prior to that time, his claim being in contest, it was not established that he had any interest. When he obtained his judgment, then for the first time he was in a position to insist upon his rights and resort to such remedies as the law provides. Such is the express provision of section 415 of the Code of Civil Procedure. That the statute did not begin to run until the recovery of the judgment is expressly decided in Re Congregation Unitarian Soc., supra. Computed from this time, the statute of limitations has not yet run, and therefore constitutes no bar to the petitioner's claim. The power of the surrogate to open the decree and order a rehearing for the purpose of determining the rights of the claimant and the status of the administratrix in respect thereto is as ample as the need requires. Sipperly v. Baucus, 24 N. Y. 46; In re Henderson, 33 App. Div. 545, 53 N. Y. Supp. 957, affirmed on appeal 157 N. Y. 423, 52 N. E. 183; Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 21 N. E. 75. As the administratrix has assumed to distribute the estate without notice to the petitioner, if she filed the petition for settlement with notice of the petitioner's ·claim, and did not make him a party thereto, the former decree will

furnish no protection, unless the petitioner's claim is subordinate thereto for some other reason.

We think that the judgment awarding costs in plaintiff's action is res adjudicata upon the question of the presentation of the plaintiff's claim to the administratrix. Upon this question, the Code of Civil Procedure provides (section 1835), "Where a judgment for a sum of money" is awarded against a representative, "costs shall not be awarded against him" in his representative capacity, "except as prescribed in the next section"; and (section 1836) "where it appears, in a case specified in the last section, that the plaintiff's demand was presented within the time limited by a notice, published as prescribed by law, requiring creditors to present their claims," and the representative unreasonably resisted, neglected, or failed to file a consent that the surrogate might determine the same, "the court may award costs" against the representative personally, or direct payment out of the estate; and "where the action is brought in the supreme court, * * * the facts must be certified by the judge or referee before whom the trial took place." It is well settled that the rule which works an estoppel in favor of a judgment does not apply in full completeness to an order. The reason for this rests in the fact that, in the case of an order made upon a motion, it may be subsequently opened upon motion and reheard upon additional facts being shown, or the court may reconsider its decision. It is not usually of that stable character, nor is it attended by the strict course of procedure which finally culminates in a judgment. Riggs v. Pursell, 74 N. Y. 270. But where the order decisively and conclusively fixes the rights of the parties by the determination of an issue which ripens into a judgment or which may so ripen, then such order is as conclusive as a judgment. Webb v. Buckelew, 82 N. Y. 555. We have recently had occasion to discuss quite fully the effect of an order as an estoppel, and Mr. Justice Cullen has clearly pointed out the distinction when an order is, and when it is not, available as an estoppel. Dutton v. Smith, 10 App. Div. 566, 42 N. Y. Supp. 80. The certificate in the present case determined alone a question of costs. Costs are considered as an incident to the judgment, and proceed usually from authority quite independent of the issues litigated in the action. Nevertheless, the right to costs is a substantial right, and their award or denial may be reviewed upon appeal under a certificate awarding or denying. Carter v. Beckwith, 104 N. Y. 236, 10 N. E. 350; Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11; Niles v. Crocker, 88 Hun, 312, 34 N. Y. Supp. 761. Under the former chancery practice, a decree which finally determined the merits of the controversy and reserved no question for determination was final, although it directed a reference to a master. Mills v. Hoag, 7 Paige, 18; Taylor v. Read, 4 Paige, 561. Such decree, however, in order to have finality of character, must have determined the question of costs. If such question was reserved, the decree was interlocutory only. Dickenson v. Codwise, 11 Paige, 189; Williamson v. Field, 2 Barb. Ch. 281. As the right to costs in equity actions rested in discretion, the parties were entitled to have such question determined, and, until so determined, finality did not attach to the decree. The withholding or awarding·

of costs, therefore, became a substantial part of the decree.  Belmont v. Ponvert, 3 Rob. 693, cited with approval in Webb v. Buckelew, supra.  It is quite apparent, therefore, that, where the right to costs is to be determined by a decision of the court, such determination is of a substantial question, and forms a part of the judgment which the successful party becomes entitled to enter.  It necessarily follows that, where such award is based upon the determination of a particular fact, such fact becomes one in issue between the parties; and, the finding thereon resulting in a judgment, such judgment is finally conclusive, as the fact necessarily forms its basis.  Under the Code provision, the issue between the parties was, did the plaintiff in the action serve upon the defendant administratrix notice of his claim within the time limited by the published notice to present claims?  In order to award costs, the court must have determined such question in favor of the plaintiff, and it thereupon became a final determined issue between the parties, as conclusive upon the defendant as was the issue of the right to recover against the estate.  It may not again be opened and litigated between the parties to that action, except in a direct proceeding involving that judgment.  These views lead us to the conclusion that the order should be affirmed, but without prejudice to the appellant's right to apply to open the decree of settlement, or to take such other steps as he may be advised.

Order affirmed, with $10 costs and disbursements, without prejudice to the appellant's right to apply to the surrogate to set aside or open decree of distribution.  All concur.