(42 App. Div. 255.)

In re GALL'S ESTATE.

GALL v. GALL et al.

(Supreme Court, Appellate Division, Second Department. July 1, 1899.)

1. EXECUTORS AND ADMINISTRATORS—PARTIES—DISTRIBUTION.
     A decree directing the distribution of a decedent's estate is not binding upon claimants who were not parties thereto.

2. SAME—LIMITATION OF ACTIONS.
     In the distribution of a decedent's estate, the statute of limitations will not begin to run against a claimant until his claim becomes so established that it could be enforced by an action.

3. SAME—SURETY'S LIABILITY FOR COSTS.
     A certificate determining the right of a claimant against a decedent's estate to costs in an action to establish his claim is a binding adjudication on the surety of the administratrix.

4. SAME—RELEASE OF SURETY.
     Under Code, § 2743, providing that in proceedings for the distribution of an estate after claims have been settled, if any necessary party has not appeared, a supplemental citation must issue to him, the surety of the administratrix, by filing a petition praying that the decree be opened and all necessary parties be brought in, and by the order refusing to open the decree, is not absolved from liability to a claimant who was not a party, and was not cited to appear at the hearing of the petition.

5. SAME—WHAT CONSTITUTES CITATION.
   Under Code, §§ 2514, 2518, 2519, requiring that a supplemental citation should be directed to the party by name, and should require him to appear, service of a petition praying that a decree of distribution be opened and all necessary parties cited to appear, coupled with service of an order to show cause why the decree should not be suspended until a claim has been adjudicated, does not operate as a citation, when served upon a claimant who was not made a party to the proceedings.

Appeal from order of surrogate, Kings county.

Petition by Charles F. Gall against Amelia Gall, administratrix of Joseph Gall, deceased, and the American Surety Company. From an order denying petitioner's motion to modify a decree directing final distribution of the estate of the decedent, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William B. Davenport (Fernando Solinger and Ira Leo Bamberger, on the brief), for appellant.

Adolph Simis, Jr., for respondent administratrix.

Jesse Johnson (Henry C. Willcox, on the brief), for respondent American Surety Co.

HATCH, J. The petitioner does not, in the present case, attack the decree upon the accounting. The decree he seeks to attack is the subsequent decree directing distribution. As to this decree, or, for that matter, as to either, the petitioner, Gall, was not bound, having never been made a party thereto. As the petitioner had, at the time of the entry of the decree of distribution, no established claim upon which he could take action, having then no judgment, we held that the statute of limitations had not run. In re Gall, 40 App. Div. 114, 57 N. Y. Supp. 835. This view is in harmony with the cases relied upon by the respondents. In re Van Dyke, 44 Hun, 394; In re Taylor's Estate, 30 App. Div. 213, 51 N. Y. Supp. 609. Therein is recognized the doctrine that there must be an existing demand upon which a right may be invoked before the statute will begin to run. The surrogate, having made determination of the present application before the decision upon the former appeal was handed down, consistently followed his former ruling, and held that the statute had run. This view, as we have seen, is erroneous, and must result in a reversal of the decree as to the administratrix.

As to the position of the American Surety Company, the question is somewhat different, but the result must be the same. It was surety for the administratrix under the usual administrator's bond, and was therefore responsible for fidelity and good faith in the management of the trust estate, and in the distribution of its funds among those entitled thereto. It had control of the funds of the estate, as they were deposited in a trust company, and could only be paid out upon a check countersigned by it. We are not now concerned with the question as to whether this was a legal arrangement or not. It was so arranged and acted upon, whether legal or otherwise. The relation of the surety company made it responsible for the dereliction of the administratrix, and when she procured the

decree for final accounting, followed by the decree for distribution, if such acts resulted in damage to the petitioner, the company stood as his surety therefor. Any act or determination which legally bound the administratrix bound equally the surety, as it stood, in regard to such matters, in privity with her. Deobold v. Oppermann, 111 N. Y. 531, 19 N. E. 94. Consequently the certificate which determined petitioner's right to costs in the action brought by him to establish his claim against the estate became a binding adjudication upon the company. Park Hill Co. v. Herriot (Sup.) 58 N. Y. Supp. 552. As the matter stood, therefore, at the time when the decree of distribution was entered, the surety company was liable to the petitioner.

The company at this time evidently thought the proceeding wrong, as it made a petition to the surrogate, setting up, inter alia, the pendency of an action in the supreme court in which the petitioner sought to recover the entire property of the estate; that the administratrix was about to distribute the funds of the estate; that the petitioner, Gall, had not been made a party to the proceedings for the accounting or distribution of the estate; that the company was surety, and might be made liable if the petitioner, Gall, should be subsequently held to be a creditor of the estate; and that the company was advised and believed that petitioner, Gall, should have been cited to appear upon the accounting, "and that said decree was erroneously and fraudulently obtained." The prayer of this petition asked that a citation issue to all persons interested, or claiming to be interested, in the estate, requiring them to show cause on a day to be named, and also asked for an order to show cause why the decree should not be stayed until the determination of the action in the supreme court, and for an order restraining the administratrix and her attorney from disposing of the estate, or otherwise acting in the premises. Upon this petition an order was issued by the surrogate requiring the administratrix to show cause why the decree should not be stayed until the final determination of the action in the supreme court mentioned in the petition, and also staying proceedings. No person was named in this order to show cause except the administratrix and her attorney. It was not directed to be served upon the petitioner, Gall, nor was he otherwise named therein. By its terms it only operated upon the administratrix and her attorney. Upon the return day of the order, the attorney for the surety company and the attorney for the administratrix, respectively, appeared, and each was heard. No other persons appeared, no other papers appear to have been read, and the motion was thereupon denied. It is quite evident that this proceeding did not affect the rights of the petitioner, Gall, at the time when the application was made and heard. He was then in no position to assert the existence of an established claim, as he had none. The right which he was then seeking was to enforce a claim in an equitable action to the whole estate. It was after he was defeated in that action that he brought his action at law, upon which he recovered his present judgment. Until that time arrived, he had no claim which was legally established.

If we assume that he might have been cut off in his right by a proceeding upon the part of the surety, it is evident that no proper steps were taken for such purpose. By section 2481 of the Code of Civil Procedure the surrogate is authorized to open a decree, and bring in parties who should have been cited to appear, but have not been, upon a petition for that purpose. If the person has not been cited to appear upon the decree for an accounting and final distribution who is entitled thereto, supplemental citation must issue to bring him in. Code Civ. Proc. § 2743. The citation provided by the Code must contain the names of the persons, when they are known (sections 2518, 2519), and the same requirements are necessary for supplemental citations (section 2514, subd. 10). The Code provisions were the same, in the respects above noted, when the application was made, as they are at the present time. It is not pretended that any citation was ever issued by the surrogate to the petitioner, Gall, or to any one else. If the order to show cause could be treated as a citation, it is fatally defective, in that it was not directed to him, and did not require him to appear. The mere service of the petition and order upon Gall imposed upon him no duty whatever, and failing to do something he was not commanded to do cannot prejudice his rights, either by way of estoppel or otherwise, nor could the surety be discharged by any such proceeding.

The decree for an accounting and the decree for distribution were without notice to the petitioner, Gall, and consequently as to him were not binding. This condition was produced by the fault of the administratrix, for which the surety company was responsible to persons affected thereby. It would be a singular doctrine if, under these circumstances, the surety could call its defaulting trustee into court, and, failing to open the decree based upon the unlawful act of its principal, work a discharge of all liability. It is evident that such result cannot obtain. If it could, we should have this result: The administratrix would still remain liable for the wrongful act, and the surety, although not making good the damage sustained by the wrong, would be discharged from liability, although the suffering party was not brought in, and was not heard. If such rule should prevail, it is evident that the contract of suretyship is of little value to those whom it is designed to protect. It is sufficient to say that such result cannot prevail, and did not obtain in the present case.

The question is fairly raised as to whether, in any event, the petition and order were ever served upon the petitioner, Gall. The order should be reversed, and the proceeding remitted to the surrogate for determination. All concur.