Action by Oswald J. Waite against Joseph Sabel. Plaintiff demurred to defendant's answer. Overruled, and plaintiff appeals. Affirmed.

The following is the opinion of the court below (NASH, J.):

The several causes of action and defenses set up in a pleading should be distinguished by the phrase "for a further cause of action or defense," or something equivalent. Graves v. Blanchard, 4 How. Prac. 301. If stated in paragraphs separately numbered, it is sufficient. 4 N. Y. Law Bul. 31. But the statement of facts in separately numbered paragraphs, or alleged by mistake as separate causes of action, does not vitiate the pleading, if but a single cause of action or defense is in fact pleaded. Harris, J., in Hillman v. Hillman, 14 How. Prac. 458, 459; Daniels, J., in Weeks v. Cornwell, 9 Civ. Proc. R. 28. The paragraphs of the answer here should be read together, and construed to contain but one defense,—a denial of the plaintiff's right of possession, and an allegation of a special property and right of possession in the defendant. But the complaint and answer are examples of the vicious practice of separately numbering the paragraphs of a pleading intended to set up only a single cause of action or defense,—a practice which serves no useful purpose in pleading, and often tends to mislead or confuse. It is not required. The statement of the facts constituting each cause of action and each defense or counterclaim must be separately stated and numbered. No other numbering is required. Code, §§ 438, 507. The answer sets up a complete defense, being expressly within the terms of section 1720 of the Code.

The complaint alleges that the plaintiff derived his title and right of possession from "one" David B. Cassel, and, after the denial in the answer, it is alleged that "one" David B. Cassel delivered the goods to the defendant upon an agreement that the defendant should hold and sell the same to satisfy his general balance of account against Cassel, amounting to $2,300, and return the surplus to Cassel, and that at no time since the consignment have the goods been worth more than $2,300, etc. It is somewhat hypercritical for counsel to urge that there is no allegation in the answer "showing who this Cassel was," when the plaintiff himself alleges the ownership of David B. Cassel as the source of his title. Demurrer overruled, with costs. Decision signed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. L. Eckerson, for appellant.
J. Murphy, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below.

---

(47 App. Div. 490.)

### In re GALL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. February 2, 1900.)

1. RIGHT TO APPEAL—PARTY AGGRIEVED.

    Where, in an action against an administratrix and her surety, the defendants asked for an order requiring plaintiff to bring in a third party, and the request was denied, to the extent that an order was issued that the surety should bring in such party, the surety and the administratrix have a right to appeal from the order.

2. ADMINISTRATOR—ACTION ON BOND.

    Where petitioner, having a claim against an estate, had presented it to the administratrix as required, and she had failed to give him notice of the final accounting, and had procured a decree for final settlement, in an action against her and her surety for the amount of the claim the heirs and creditors of the estate need not be made parties.

Appeal from surrogate's court, Kings county.

Application by Amelia Gall, administratrix of Joseph Gall, deceased, and the American Surety Company, that an order opening a former decree of settlement be amended so as to require Charles F. Gall to make Caroline Gall, infant heir of Joseph Gall, a party to proceedings against the administratrix and the surety company. From an order authorizing the surety company to make such infant a party, the applicants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Jesse Johnson, for appellant American Surety Co.

Adolph Simis, Jr., for appellant administratrix.

Ira Leo Bamberger, for respondent.

HATCH, J. When this matter was first before this court, it came up by way of an appeal from an order made by the surrogate of Kings county which denied an application by the petitioner for leave to issue execution against the administratrix of the estate. This court affirmed the order of the surrogate in that proceeding, but held that, upon the facts as they appeared in the record, the petitioner was entitled to apply to open the decree of settlement, and establish his rights therein as against the administratrix of the estate. In re Gall's Estate, 40 App. Div. 114, 57 N. Y. Supp. 835. The matter was again before this court upon an appeal, which denied the petitioner's motion to modify the decree directing final distribution of the estate of the decedent. Upon such appeal the American Surety Company was represented, with the administratrix, and sought to support the order of the surrogate upon the ground that it had been discharged from liability by reason of the final settlement, and could no longer be held to respond for any act of dereliction by the administratrix. Upon a hearing, this court reversed the order of the surrogate, and held that the surety company was not discharged from liability for the acts of the administratrix, and that, the decree being opened, the petitioner became entitled to establish any proper claim which he held against the estate, and which should have been paid in the orderly course of administration by the administratrix. In re Gall's Estate, 42 App. Div. 255, 59 N. Y. Supp. 254. After the decision of the first appeal, the petitioner procured to be entered an order opening the former decree of settlement, and granting leave to the petitioner to file his claim against the estate, and make such objections to the account of the administratrix as he might be advised. After the decision by this court on the last appeal, and on the 3d day of November, 1899, the administratrix and the American Surety Company applied to the surrogate to amend and resettle such order so as to permit or require the petitioner to bring into said proceeding the infant, Caroline Gall, as a party thereto, and also to cause such order to recite that the surrogate feels himself bound by the decision in the common-law action as to the filing of the respondent's claim with the administratrix, and for other and further relief. Upon such ap-

plication the court resettled such order by adding certain recitals thereto, not presently important, authorizing the American Surety Company to bring into the proceeding the said infant, Caroline Gall, and declaring that, upon the failure of said surety company to so bring in said infant, the motion, so far as it related to that matter, should be denied. It was the claim of the American Surety Company that the obligation rested upon the petitioner to procure the said infant to be made a party; and although the order gave to such company the right to make the infant a party, and in other respects amended the former order as requested by it, yet the surety company and the administratrix, who was a party to the order, appealed therefrom. Thereafter the petitioner made a motion to dismiss the appeal upon the ground that the administratrix was not a party to the resettlement of the order, and, as she had not appealed from the former order, her time had expired in which an appeal might be taken; that, as to the surety company, it had obtained everything for which it asked, and therefore could not be heard, by way of appeal, to question an order procured to be entered at its own instance. The motion to dismiss, and the appeal from the order, will be considered and disposed of together.

We are not prepared to say that, where a party properly and legitimately seeks to preserve a legal right which a court has determined adversely to his contention, he may not procure to be entered in the order, at his own instance, matters which he deems essential for the protection of his rights, and appeal therefrom. It is quite easy to conceive of a case where such a condition may exist, and yet the party be entitled to have a review of the determination of the court, even though the order be entered at his instance. Under such circumstances, however, it must clearly appear that a substantial right of the party is involved in the decision rendered, and that the order which is entered thereon seeks to preserve and make clear for presentation to the appellate tribunal the legal right which the party claims, and which the determination denies. In such a case it could not be said that a party had procured the entry of an order which protected all the rights to which he deemed himself entitled; and under such circumstances we have no doubt he might appeal from the order, and be entitled to have the same reviewed by the appellate tribunal, even though he asked for the entry of the order from which he appealed. Such a case would not differ in principle from one where a successful party refused or neglected to enter an order, and the defeated party procured it to be entered for the purpose of review upon appeal. In the present case, however, the application was to compel the petitioner to bring in the infant as a party; and to this extent the application of the petitioner was denied, as that obligation was imposed upon the surety company. If in fact it were the duty of the petitioner to bring in the infant as a party to the proceeding, then the surrogate would have had no right to impose such obligation upon the surety company, and the denial of the right would furnish a basis for a review of the order. We think, therefore, that the appeal of the surety company is properly before this court, and the motion to dis-

miss as to it should be denied. So far as the appeal of the administratrix is concerned, the order itself recites that she was heard through her attorney upon the same application, and other proof tends to establish that he was served with a copy of the amended order. We must therefore regard her as a proper party to the proceeding, and entitled to be heard upon this appeal. The motion to dismiss as to her, therefore, must also be denied.

This brings us to a consideration of the merits of the appeal; and it clearly and plainly appears that there is no merit whatever in it, either of fact or of law. Indeed, the petitioner was the aggrieved party, and might have appealed from that part of the order which permitted the infant to be brought into the proceeding. As between the petitioner and the administratrix, the infant and all other heirs or creditors of the estate of Gall are strangers, having no interest whatever in the proceeding. The petitioner avers in his petition that he held a claim against the estate of the decedent, which he had presented to the administratrix in manner and form as required by law. The court upon the contest established that this was true, as matter of fact. When, therefore, the administratrix procured citations to issue for a final accounting, and omitted to serve notice upon the petitioner, and thereafter procured a decree of final settlement and distribution of the estate, she did such acts in fraud of the rights of the petitioner, and she and her sureties became liable to respond for the injury which the petitioner sustained thereby. So that this contest is between the administratrix and the surety, who stands in privity to her, and the petitioner, who is a creditor of the estate. If as to him the administratrix is derelict, she and her surety are liable therefor; and the creditor may not have imposed upon him the obligation to follow any persons—infants or others—who may have received benefit as distributees under the decree of final settlement of the estate. If restitution may be compelled by the administratrix or her surety, from the persons who have received the moneys of this estate, the obligation rests upon the administratrix or the surety, or both, to take proceedings to compel it. The petitioner has no interest therein, and cannot be in any wise prejudiced by the fact of payment to other parties in his wrong. These views are abundantly established in Deobold v. Oppermann, 111 N. Y. 531, 19 N. E. 94, 2 L. R. A. 644; In re Hodgman's Estate, 140 N. Y. 421, 35 N. E. 660; Lang v. Stringer's Estate, 144 N. Y. 275, 39 N. E. 363. It may be that none of the moneys which were distributed upon the final accounting of the administratrix can be recovered, but such fact does not relieve the administratrix or her surety. It may be the misfortune of the surety, but such are the incidents necessarily flowing from such relation. The fact that it will or may lose by reason of its relation can in no wise prejudice the rights of the petitioner in the assertion of a legal claim which he was entitled to have paid from the property of the estate, which has been defeated by the act of the administratrix, and for which the surety must be held to stand sponsor. What benefit the administratrix or the surety could derive from having recited in the order the fact, if it be a fact, that the surrogate feels himself

bound by the decision in the common-law action, we are unable to comprehend. If the surrogate be bound by such finding,—and this court has so held that he was,—then the recital of such fact can in no view either add to the burdens of the surety, or take any away. It would only avail to inject into the order language which could by no possibility affect any party to this proceeding.

No other questions requiring discussion are presented by this appeal. The motion to dismiss the appeal should be denied, and the order should be affirmed.

Motion to dismiss appeal denied, without costs. Order affirmed, with $10 costs and disbursements. All concur.