ACCOUNTING OF EXECUTOR—DECREE—VACATION—RECONSIDERATION.

Where, after an order is made vacating a decree rendered on the accounting of an executor, and allowing the petitioner to intervene and file objections to the account, the judgment in favor of petitioner, on which the order was founded, is reversed, and a new trial ordered, the petitioner becomes a person claiming to be a creditor, holding a disputed claim not yet in judgment; and hence a motion by the executor to vacate the order must be granted, though without prejudice to a further application after recovery of a judgment.

Judicial settlement of the accounts of James O'Brien as executor, etc., of Ellen O'Brien, deceased. On motion by the executor to vacate

an order opening a decree settling his accounts and permitting the petitioner to file objections. Motion granted, and in connection therewith a motion to compel the filing of an inventory is denied.

Abram Kling, for executor.

Davies, Stone & Auerbach, for receiver, Daniel J. Early.

THOMAS, S. The order of March 9, 1900, vacating the decree rendered in 1888 on the accounting of the executor, and admitting the petitioner to intervene and file objections to the account, was proper on the facts then existing; the material circumstances being that a judgment had been obtained by the petitioner, which was then in full force. The statute of limitations was held not to bar the remedy for an accounting, because that remedy, as a means for enforcing his judgment, did not accrue to the petitioner until the judgment was obtained; and the decision in Re Gall's Estate, 40 App. Div. 114, 57 N. Y. Supp. 835; Id., 42 App. Div. 255, 59 N. Y. Supp. 254,— was referred to as the controlling authority. Since the granting of that order the judgment which was its foundation has been reversed and a new trial ordered; and the petitioner now stands as a person claiming to be a creditor, holding a disputed claim not yet in judgment. As such, his remedy to compel an accounting was long since barred. In re Van Dyke, 44 Hun, 394.

The motion to vacate the order heretofore made must therefore be granted, but without prejudice to any further application after the recovery of a judgment. The motion to compel the filing of an inventory is denied, also without prejudice. Decreed accordingly.