vicinity where the exhibition was given, upon business not connected with such exhibition or as voluntary spectators thereof.

The appellant's exceptions present no reversible error, and we do not regard the damages awarded by the jury as excessive.

The judgment and order must therefore be affirmed, with costs. All concur.

(107 App. Div. 310.)

## In re GALL.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

1. ADMINISTRATORS — MISCONDUCT — COMMISSIONS — DISALLOWANCE — SURRO-GATE'S JURISDICTION.

   A surrogate, in his discretion, on the settlement of the account of an administratrix, may deny her statutory commissions, if she has been guilty of misconduct, notwithstanding Code Civ. Proc. § 2730, declaring that on the settlement of the account of an executor or administrator the surrogate must allow to him for his services the commissions fixed by law.

   [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 2131–2133.]

2. SAME—REVIEW.

   The exercise of a surrogate's discretion, in allowing commissions to an administratrix guilty of misconduct, is reviewable by the appellate division.

   [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 2146, 2147.]

3. SAME.

   Where an administratrix had been guilty of long-continued misconduct, which had been explicitly declared, not only by the Appellate Division, but by the Court of Appeals, it was an abuse of discretion for the surrogate, on settling her final account, to allow her either costs or commissions.

   [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 2131–2133.]

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the account of Amelia Gall, as administratrix, etc., of the estate of Joseph Gall, deceased. From so much of the surrogate's decree as allowed commissions and costs to the administratrix, Charles F. Gall appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Ira Leo Bamberger (Fernando Solinger, on the brief), for appellant.

George W. McKenzie, for respondent Amelia Gall.

PER CURIAM. It is no longer open to doubt in this state that a surrogate may, in his discretion, upon the settlement of the accounts of an executor or administrator, deny him the statutory commissions if he has been guilty of misconduct, notwithstanding the requirement of section 2730 of the Code of Civil Procedure, that, upon the settlement of the account of an executor or administrator, the surrogate must allow to him for his services the commissions

fixed by law. Matter of Rutledge, 162 N. Y. 31, 56 N. E. 511, 47 L. R. A. 721. The exercise of this discretion is reviewable by the Appellate Division. In the case at bar the administratrix has been guilty of long-continued misconduct, as has been explicitly declared, not only by the Appellate Division, but by the Court of Appeals. Matter of Gall, 47 App. Div. 490, 62 N. Y. Supp. 420; Id., 182 N. Y. 270, 74 N. E. 875. It is not necessary again to rehearse the circumstances of her maladministration, but it is enough to say that we think her action has been such as ought to deprive her of all commissions and costs in this proceeding.

The decree of the Surrogate's Court should therefore be reversed, so far as the commissions and costs are concerned, and the amounts awarded on account of these items should be stricken therefrom, with the costs and disbursements of this appeal to the appellant.