In the Matter of the Accounting of ANNA PENZATO, as Executrix of JOSEPH PENZATO, Deceased.

Surrogate's Court, Ulster County, July 9, 1951.

*Peter H. Harp* for Anna Penzato, as executrix, petitioner.

*Walter J. Miller* for Central Co-operative Association of Gardiner, Inc.

*David W. Corwin* for Huguenot National Bank of New Paltz.

*Michael Nardone* for Anna Penzato, individually.

STERLEY, S. This is an application made to this court requesting the court to exercise its discretion to refuse to grant commissions to the executrix in the above estate. Section 285 of the Surrogate's Court Act would seem to grant no discretion to the Surrogate as far as the payment of commissions is concerned.

It says that the "surrogate must allow" the legal representative the commissions at the rate set forth in the statute. The courts have held, however, and properly, that under certain conditions at least the Surrogate has a very decided discretion so far as the allowance of commissions is concerned.

It has been definitely stated that the allowance of commissions is a discretionary power given the Surrogate and that an analysis of pertinent decisions showed the distaste which appellate courts felt in interfering with the exercise of that discretion by the Surrogate. (*Matter of Humpfner*, 163 Misc. 91.)

This discretion, however, does not exist in the ordinary case where the representative has properly administered the affairs of the estate. It is obviously only where the representative has been guilty of misconduct of some kind that the Surrogate has the right to deny him his commissions. It seems clear also from the report of decisions that while the Surrogate may deny commissions because of misconduct he is not required to do this. There is a possibility, of course, that if the misconduct was serious an allowance of commissions to the representative might be regarded by the appellate courts as an abuse of discretion. As was pointed out in *Matter of Humpfner* (*supra*) however, the appellate courts are not prone to interfere. The rule, therefore, seems to be that the Surrogate may refuse to allow commissions to a representative where he has been guilty of some misconduct. (*Matter of Gall*, 107 App. Div. 310; *Matter of Bushe*, 227 N. Y. 85.)

Since the matter is largely discretionary with the Surrogate, it is not possible to set down any hard and fast rule that will govern the exercise of that discretion.

It is not necessary, however, for a representative to be guilty of gross misconduct. Commissions have been denied for much less serious acts. For example, in one case it was found that the executrix had not faithfully discharged her trust; that she had not kept up the accounts of her receipts and disbursements; that she had not taken proper vouchers for disbursements made and permitted unjust and unreasonable claims against the estate. Because of this she was not allowed commissions. (*Stevens* v. *Melcher*, 80 Hun 514.) The decision in the case was modified (152 N. Y. 551), but the court refused to change the decision with regard to commissions, saying that it had no right to pass upon questions of fact and that as a matter of law if the findings were correct the rule stated was.

In the case at hand it appears from the testimony herein and the facts as therein set forth that the executrix did not faithfully discharge her trust. I believe that the executrix is equally responsible for acts of omission as well as acts of commission. It also appears from the testimony that she did not keep an account of her receipts and disbursements and further that she did not take the proper vouchers for disbursements made.

It appears from the testimony that the executrix here permitted her son to manage the affairs of the estate without requiring him to be responsible to her for his acts in so doing. This court does not desire to charge the executrix herein with any willful misconduct or any misappropriation of funds but feels that the whole handling of this estate by this executrix was in a very loose, negligent and irresponsible manner. In this estate there are many creditors and it appears that the funds are not going to be sufficient to pay the claims of the various creditors in full. On pages 25, 26 and 27 of the testimony it shows that this court admonished the executrix to conduct the affairs of the estate either herself or if the same was handled in the future by her son that he be made wholly responsible to her for his acts. The court further warned the executrix and her son that a continuation of the practice of their conduct in the past would likely wind up in serious difficulty particularly to the executrix herself. This advice by the Surrogate apparently was not followed. Through the mismanagement, loose methods of doing business and the negligent ways of handling the estate some of the funds that should have reached the hands of the creditors have been dissipated.

Therefore, in view of the conditions as found by this court, it is the opinion that the executrix should be denied any and all commissions due her.

A decree upon notice may be entered accordingly.