ant with reference to his instructing plaintiff to ascertain the actual facts concerning the rentals, and as to the representations made by plaintiff in that regard, and that such representations were relied upon by defendant, plaintiff was not entitled to recover.  Having employed plaintiff to ascertain this information, defendant was not obliged personally to reinvestigate the question.  The information obtained, on account of its inaccuracy and untruthfulness, was of no value to defendant, and he was misled thereby into executing the contract, which, because the misrepresentations were also chargeable to the owners of the New York property, was not enforceable against him.  To allow a broker to recover commissions on these facts, which the jury might have found from the evidence, would be inequitable, and we know of no principle of law requiring it.  The jury evidently believed that the broker was not guilty of fraud, and under the charge of the learned trial judge they then had no alternative but to render a verdict in his favor.  If these other facts, which, by the charge, the jury were precluded from acting upon, had been found in favor of defendant, it could not be said that the broker's commissions were earned when, through his failure to comply with his principal's instructions, he had induced the latter to enter into a fruitless contract.

Other questions, not wholly without merit, have been argued, but as they will not necessarily arise upon the new trial, which must be granted for the reasons already stated, we deem it unnecessary to consider them.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.

<hr />

(63 App. Div. 49.)

## In re SEAMAN.

(Supreme Court, Appellate Division, First Department.  July 9, 1901.)

1. EXECUTORS AND ADMINISTRATORS—DECREE DIRECTING PAYMENT—EXECUTION —NECESSITY OF SURROGATE'S ORDER.

Under Code Civ. Proc. § 2606, providing that section 2552, which permits an execution, without an order of the surrogate, on a decree directing payment by an executor, shall not apply to a decree directing payment by the administrator or executor of a deceased executor, an execution cannot issue, without leave of the surrogate, on a decree ordering payment by the administratrix of a deceased executor.

2. SAME—PERSONAL JUDGMENT—CLERICAL ERROR—AMENDMENT OF DECREE.

Where a decree was rendered and execution issued against an administratrix personally for money in the hands of deceased as executor, the error in charging the administratrix personally, instead of in her representative capacity, was not a mistake or clerical error, but affected a material matter, and after the time to appeal had expired the court had no power to amend the decree so as to charge the administratrix only to the extent of deceased's property in her hands.

Appeal from surrogate's court, New York county.

Judicial settlement of the estate of David Seaman, deceased.  From an order of the surrogate denying the motion of Elizabeth Rhoads, as administratrix of the estate of George B. Rhoads, deceased, to amend a decree charging her personally with the payment of money

in the hands of deceased as executor, and from an order denying a motion of the Central Realty, Bond & Trust Company as substituted trustee, both parties appeal. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Edward Jacobs, for administratrix.
Lewis H. Freedman, for substituted trustee.

O'BRIEN, J. Emma L. M. Seaman and George B. Rhoads were trustees under the will of David Seaman, deceased. George B. Rhoads died intestate in 1889, and Elizabeth Rhoads, his widow, was thereafter appointed his administratrix. Proceedings were instituted for a judicial settlement of the estate of David Seaman, and Elizabeth Rhoads was made a party thereto. A decree was made therein whereby it was, among other things, ordered "that Elizabeth Rhoads, as administratrix of the goods, chattels, and credits which were of George B. Rhoads, deceased, pay to the said new trustee to be appointed the sum of ten thousand five hundred dollars ($10,500) of principal, and that she also pay as aforesaid the income on such principal sum of ten thousand five hundred dollars ($10,500) which has accrued since the 1st of January, 1899, after deducting from the aggregate amount of such income, however, such amount as has already been paid by the deceased trustee or by her to the beneficiaries under the trust, and which is not included in the account hereinbefore referred to." On this decree an execution was issued against the individual property of Elizabeth Rhoads, and a levy thereunder was made by the sheriff of the county of New York. Prior to the entry of the decree the referee in the accounting proceedings reported that a certain trust fund had been placed in the hands of George B. Rhoads, and no account thereof had been demanded or made up to the time of his death. The fund was $10,500, and the referee found that Mrs. Rhoads, as administratrix of her deceased husband, was chargeable with that sum. There was no proof that the sum had ever found its way into the hands of Mrs. Rhoads, the fact being that it had never reached her; nor was it shown that she had any estate in her hands belonging to her late husband, unless we consider the affidavit which was used on the motion before the surrogate to amend the decree and set aside the execution issued against the individual property of Mrs. Rhoads, under which the levy was made by the sheriff, from which affidavit it would appear that in an accident case she had stated that her husband left an equity in real estate to the extent of $7,000, and $5,000 in personalty. As against this, we have Mrs. Rhoads' own affidavit that no property or estate of David Seaman, or personal property of her late husband, had come into her possession; and we have also the affidavit of the opposing attorney in the accounting proceedings that "no testimony was offered in the aforesaid proceedings as to whether or not any personal property of George B. Rhoads, deceased, ever came into the possession of Elizabeth Rhoads individually or as administratrix." The referee, also, in his affidavit which was used on the motion, states that "no testimony was offered before me on said reference showing that any part of the moneys or

property of this estate had come into the hands or possession or un-
der the control of Elizabeth Rhoads, who is the administratrix of the
estate of George B. Rhoads, deceased." Upon the discovery of the
defective character of the decree, which it is alleged was first made
when the sheriff actually levied upon Mrs. Rhoads' individual proper-
ty, the motion was made to set aside the execution and levy, and to
amend the decree so as to conform to the facts. The surrogate de-
nied so much of the motion as asked for an amendment of the de-
cree,—from which determination Mrs. Rhoads appeals,—and upon
the ground, as he states, that the amount named in the decree was
not sufficiently definite to justify its enforcement by execution, grant-
ed so much of the motion as asked to have the execution and levy set
aside, which disposition is the basis of the appeal herein of the sub-
stituted trustee.

As to the appeal which relates to the setting aside of the execu-
tion, we concur in the conclusion reached by the surrogate, but not
for the reasons given by him. The authority to issue an execution
upon the decree of the surrogate is to be found in section 2552 of the
Code of Civil Procedure, which permits an execution on a decree di-
recting payment by an executor, etc., for the reason that such a de-
cree is "conclusive evidence that there are sufficient assets in his
hands to satisfy the sum" directed to be paid by the decree. As to
the force and effect of the decree upon an accounting by an executor,
etc., of a deceased executor, however, the trustee of the Seaman es-
tate, in issuing the execution, overlooked section 2606 of the Code of
Civil Procedure, which bears upon that subject, and provides, "So
far as concerns the executor or administrator of decedent, such a de-
cree is not within the provisions of section twenty-five hundred and
fifty-two of this act." Mrs. Rhoads being the administratrix of a de-
ceased executor or trustee, the decree entered is not, therefore, con-
clusive evidence that there are sufficient assets in her hands as ad-
ministratrix of her husband, and the case is one where leave to issue
execution must be sought from and allowed by the surrogate. Code
Civ. Proc. §§ 1826, 1827. Upon such motion it will be competent to
inquire as to what assets, if any, she holds as administratrix of her
husband, and how far there are other creditors who are entitled to
participate in the assets of such estate.

With respect to so much of the appeal as relates to the denial of
the motion to amend the decree, we think that the conclusion of the
surrogate should also be affirmed. The decree was entered upon no-
tice, and at the conclusion of proceedings in which the administra-
trix, through counsel, took part, and the time to appeal therefrom
has expired. The case most favorable to the contention that the sur-
rogate might so amend the decree is In re Henderson, 157 N. Y. 423,
52 N. E. 183, wherein it was said:

"All courts * * * must possess some inherent power, and the correc-
tion of their own records, when affected by some mistake or clerical error,
would seem to be about as mild an exercise of such power as can well be
imagined."

It was accordingly held that a clerical or arithmetical error char-
ging the executor with over $10,000 in excess of the true amount

could be corrected, although more than four years had elapsed after such error was made and the decree entered. But, though it was said that the surrogate had power to correct mistake or clerical error, the cases of In re Tilden's Ex'rs, 98 N. Y. 434, and In re Hawley, 100 N. Y. 206, 3 N. E. 68, which denied power in the surrogate to amend as to matters of substance, were referred to and distinguished, the learned judge saying:

"In both cases the ground for opening the decree was not clerical error, * * * but errors of substance made at the hearing, which should have been corrected by appeal, and not by motion."

In Re Regan (not yet officially reported) 60 N. E. 658, the Henderson Case was cited and approved; the same learned judge writing the opinions in both these cases, and saying in the latter:

"The surrogate's court has power, independently of any statute, to exercise control over its own records, and to vacate its own decrees for mistake, fraud, or clerical error."

Here the referee found that the sum of $10,500 was received by the husband in his lifetime, and also found that Mrs. Rhoads, as administratrix of her husband, is chargeable with that sum. This finding should have been excepted to by the party aggrieved, and from the decree entered upon the referee's report containing such finding an appeal should have been taken. The legal presumption from a finding that assets of a decedent had come into the hands of a deceased executor or administrator is that they are still in the hands of the executor or administrator of the decedent, whose individual liability therefor would follow as a conclusion of law. Jessop, Sur. Prac. 690, citing In re Clark, 119 N. Y. 427, 23 N. E. 1052; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729. The decree is seemingly in conformity with the referee's report, and it was the duty of the administratrix or her counsel, at the time the decree was prepared for settlement, to have protected her rights, not alone by presenting the proposed decree in her behalf, but, when that was rejected, and the decree presented by the other side was signed by the surrogate, by appealing within the time allowed by law. It is doubtful if she could permit such time to elapse, and seek thereafter to correct the error by motion. The distinction pointed out in the Henderson Case, supra, as to when the surrogate has and has not power to amend the decree, rests upon whether the amendment relates to a mere clerical error, mistake, or fraud in a matter of substance. We think the decree, in the respects complained of, affected a material matter, because it was a determination upon the part of the surrogate, following the report of the referee, not only that the husband had received the trust fund, but also that, as administratrix, Mrs. Rhoads was chargeable with that sum. We do not, however, deem it necessary to determine whether, on the facts here appearing, the surrogate, upon the ground of mistake, had power to grant the motion to amend the decree after the time to appeal had expired, because, in our view, no execution could be issued thereon without leave of the surrogate. Upon a motion for such leave the facts could be shown, as already stated, and therefore the rights of Mrs. Rhoads are not seriously affected by the decree as entered.

Our conclusion, therefore, is that so much of the order as denied the motion to amend the decree should be affirmed, and so much as granted the motion to set aside the execution and levy should be modified, in accordance with the views herein expressed. No costs to either party.

VAN BRUNT, P. J., and LAUGHLIN, J., concur. PATTERSON and INGRAHAM, JJ., concur in result.