In the Matter of the Estate of MARTHA L. GILBERT, Deceased.

Surrogate's Court, Wayne County, December 27, 1932.

*Dwight C. Dale*, administrator c. t. a., in person.

*Hiscock, Williams & Cowie*, for the executors of the estate of Orrigen B. Herrick, deceased, executor of Martha L. Gilbert estate.

GILBERT, S. Martha L. Gilbert, the above-named decedent, died prior to the year 1909, leaving a last will and testament which was probated in this court and letters testamentary thereon issued to Orrigen B. Herrick, executor in said will appointed. By a

decree of this court made on February 28, 1910, the accounts of the said executor to that date were settled following proceedings duly had for that purpose. The will of the decedent set up a trust of the residue of the estate found to be on hand at the date of the said decree and the said Orrigen B. Herrick, as executor, continued in the administration of the said trust from the date of said decree until the death of the said Orrigen B. Herrick on September 28, 1931. The said Herrick was a resident of the city of Syracuse and his will was thereafter duly admitted to probate in the Onondaga County Surrogate's Court and letters testamentary issued to the First Trust and Deposit Company and Georgianna T. Herrick, his widow. Thereafter, an application was made to this court for the appointment of an administrator with the will annexed of the estate of Martha L. Gilbert, and such proceedings were had that letters of administration c. t. a. were on the 14th day of April, 1932, granted by this court to Dwight C. Dale.

The said administrator c. t. a. then petitioned this court for an order directing the executors of the estate of the said Orrigen B. Herrick to account for his administration of the trust created under the will of Martha L. Gilbert from the date of the decree in 1910 down to the date of the death of the said Herrick. Pursuant to the citation issued in this last-mentioned proceeding, the First Trust and Deposit Company of Syracuse and Georgianna T. Herrick, as executors of the estate of Orrigen B. Herrick, filed an account and on May 31, 1932, a decree of this court was made settling and approving the account as filed and directing the executors of the estate of Orrigen B. Herrick to turn over to the administrator c. t. a. of Martha L. Gilbert the sum of $2,033.55, the balance of the trust fund as shown by the account.

The account filed by the executors of Orrigen B. Herrick, together with affidavits submitted by the executors, alleged that the said executors had no knowledge of the trust fund set up by the will of Martha L. Gilbert and that they had been unable to find any records of the fund except a promissory note for the sum of $1,900.55 given by the said Orrigen B. Herrick and which had been renewed from year to year, the last renewal having been dated April 1, 1931, and due one year from date. That the said Orrigen B. Herrick had paid to the beneficiary of the trust the sum of $114.03 on or about April first in each year after the making of the above-mentioned note, which said sum was the interest at six per cent on the principal amount stated in the note, the last payment of interest having been made on May 13, 1931, and the receipt therefor stated " interest in full to April 1, 1931."

After the entry of the decree of this court of May 31, 1932, and

the failure of the executors of the estate of Orrigen B. Herrick to turn over the amount specified in said decree to the administrator c. t. a. of Martha L. Gilbert, the said administrator c. t. a. took out an execution against the executors of Orrigen B. Herrick to enforce the provisions of said decree, pursuant to the provisions of section 83 of the Surrogate's Court Act. The executors of Orrigen B. Herrick then moved to vacate and set aside this execution on the ground that the administrator c. t. a. had not first made application to the surrogate for leave to issue such an execution; that, under the provisions of section 79 of the Surrogate's Court Act, the decree of this court of May 31, 1932, was not conclusive evidence of assets in their hands for the reason that they were only accounting as executors of a deceased executor under the provisions of section 257 of the Surrogate's Court Act. This motion came on before this court under an order to show cause and the execution theretofore issued was vacated and set aside.

The administrator c. t. a. has now applied for leave to issue such an execution pursuant to the provisions of sections 151 and 152 of the Decedent Estate Law, which brings the question squarely before this court whether or not, under the facts existing, consent should be given to issue an execution.

The facts are as follows:

1. The testimony and affidavits submitted on this application show that the estate of Orrigen B. Herrick is insolvent. He had been apparently a man of affairs and had become hopelessly involved, probably as a result of the depression, and his assets were practically all pledged with his creditors.

2. His executors have been able to find no trace of the Martha L. Gilbert trust fund nor records pertaining to the same in his assets or effects, with the exception of the promissory note above referred to which had been given some years ago and which indicates that he had used the money in his own affairs and had not kept the fund invested and separate and distinct from his individual estate.

3. At the death of Orrigen B. Herrick the only assets of his estate which were not pledged as collateral to his obligations at various banks in the city of Syracuse were as follows: Checking accounts in four different banks in Syracuse, amounting in all to $161.76; 125 shares of Lincoln Equities, Inc., sold by his executors for $200, a parcel of real estate which has been sold by his executors and from which they realized, subject to the dower of his widow, approximately $1,200; miscellaneous notes and other property of uncertain value. On the other hand, there are unpaid claims, secured and otherwise, amounting to about $62,125.63; funeral

expenses of $1,740.50; expenses of administration and widow's exemption amounting to about $2,399.23.

The executors of the estate of Orrigen B. Herrick oppose the granting of an order for this execution and assert that it is the burden of the administrator c. t. a. to clearly ascertain, trace and identify the assets of the trust fund among the assets of the estate of Orrigen B. Herrick; that to allow an execution to issue against the assets of the Herrick estate would constitute a preference and would prejudice and wrong other creditors of the estate. (*Matter of Hicks,* 170 N. Y. 195.)

The administrator c. t. a., on the other hand, contends that there has been a sufficient tracing of this fund into the hands of Orrigen B. Herrick, as shown by the account filed by him in 1910, and by the account filed by his executors on which the decree of May 31, 1932, was granted. He contends that the fund has been traced into the hands of Herrick; that it has not been shown to have been disbursed by Herrick; and that it is not necessary to identify the exact money itself. He cites *Matter of Menahan* (224 App. Div. 139) as an authority for his position.

The question presented by the facts in the present case is neither new nor novel. The procedure to be followed in enforcing a decree of a Surrogate's Court for the payment of money has been substantially the same for many years and even prior to the revision of the law pertaining to Surrogates' Courts in 1914. Present section 79 of the Surrogate's Court Act was former section 2549 of the Code of Civil Procedure. Section 2549 was revised by chapter 443 of the Laws of 1914 from former sections 2552 and 2606. Section 83 of the Surrogate's Court Act was former section 2553 of the Code of Civil Procedure as revised by chapter 443 of the Laws of 1914 from former section 2554. Section 257 of the Surrogate's Court Act was former section 2725 of the Code of Civil Procedure as revised by chapter 443 of the Laws of 1914 from former section 2606. Sections 151 and 152 of the Decedent Estate Law are, respectively, former sections 1825 and 1826 of the Code of Civil Procedure.

*Matter of Seaman* (63 App. Div. 49) was a case where the administratrix of a deceased trustee was accounting for the administration of a trust by the decedent. An execution was issued against the accounting administratrix on the decree made on said accounting without first applying to the court for leave to issue the execution. The court held that the execution should not have been issued without first having applied for leave to issue the same pursuant to sections 1825 and 1826 of the Code of Civil Procedure, and the court held that upon a motion for leave to issue the execution

it would be competent to inquire as to what assets, if any, the administratrix held and how far there might be other creditors entitled to participate in the assets. I believe *Matter of Seaman* (*supra*) correctly states the procedure to be followed.

It is not possible to identify among the assets of the estate of Orrigen B. Herrick the trust fund which he held as executor of the Martha L. Gilbert estate, nor has the administrator c. t. a. attempted to do so. The amount of the trust fund was not represented by cash on hand or in banks. It is very evident that Orrigen B. Herrick used this fund for his own purposes, but for what purpose or into what form it was converted there is no evidence or showing made. If Orrigen B. Herrick left an estate sufficient to pay his other creditors and to make restitution of the trust fund, the question would be academic, but that is not the situation, and for the executors to pay over in cash or otherwise the amount of the trust fund to the administrator c. t. a. would result in a preference pure and simple. As stated by Judge ANDREWS in the opinion in the case of *Matter of Cavin* v. *Gleason* (105 N. Y. 256, at p. 262): " It is clear, we think, that upon an accounting in bankruptcy or insolvency, a trust creditor is not entitled to a preference over general creditors of the insolvent, merely on the ground of the nature of his claim, that is, that he is a trust creditor as distinguished from a general creditor."

In *Matter of Hicks* (170 N. Y. 195) the facts were very similar to the facts in the present case and it was there held that the claim was entitled to no priority. *Matter of Menahan* (224 App. Div. 139), cited by the administrator c. t. a., is not an authority to the contrary. In that case the estate of the deceased administrator far exceeded the fund for which he was liable to account and all debts which he owed and so the question of a preference was not involved.

The administrator c. t. a. contends that the trust fund has been traced into the hands of Orrigen B. Herrick; that no payments out have been shown, and that it is not necessary to identify among his assets the exact money which constituted the fund. If the estate of Orrigen B. Herrick were solvent, his executors would be required to pay over to the administrator c. t. a. the amount of the trust fund, but not exactly on this theory, but rather on a presumption that his assets include the assets of the trust or upon the basis of a claim against his estate duly established. I know of no case which has altered the long-standing rule of law in such cases that the fund must be traced and identified.

Under the provisions of section 79 of the Surrogate's Court Act the decree of this court of May 31, 1932, on the accounting of the

executors of the estate of Orrigen B. Herrick, as executor of Martha L. Gilbert, deceased, merely established the value of the trust estate at the time of the death of Orrigen B. Herrick and its status as a claim against the Herrick estate. As the assets of the trust estate have not been identified in the hands of the executors of Orrigen B. Herrick, and since the evidence shows the estate of Orrigen B. Herrick to be insolvent, it would be highly improper for this court to grant authority to issue an execution for the enforcement of its decree of May 31, 1932, pursuant to sections 151 and 152 of the Decedent Estate Law. As there is no evidence before the court from which it can be determined what percentage of the claims against the Herrick estate may eventually be paid, it is impossible for the court to grant leave to issue an execution under the decree to enforce the payment of a percentage of the trust fund pursuant to the power granted by the provisions of section 152 of the Decedent Estate Law.

The application of the administrator c. t. a. of the estate of Martha L. Gilbert for leave to issue an execution must, therefore, be denied.