In the Matter of the Application of Ernest H. Nohn and Another, as Executors, etc., of Emil E. Gabler, Deceased, for Instructions. Norine Veronica Degnen, Appellant; Ernest H. Nohn and Another, as Executors, etc., of Emil E. Gabler, Deceased, and Others, Respondents.— Order of the Surrogate's Court of 'Westchester county according to the gifts to the testator's widow a preference over all other gifts and general legacies affirmed, with ten dollars costs and disbursements, payable out of the estate, to all parties appearing and filing briefs. In the distribution of the estate the creditors are entitled to first consideration. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of Submission of Controversy under Section 546 of the Civil Practice Act between Joseph F. Haher and Walter G. Hamilton, Individually and as Treasurer of the County of Rockland, Relating to Payment by Said Treasurer of Fees and Disbursements Awarded Said Joseph F. Haher, as Referee, by the County Judge of Rockland County, Pursuant to Section 1379 of the Civil Practice Act for Examining the Accounts and Inventories of Matilda Carpenter, as Committee of the Person and Property of Idel (or Idell) Carpenter, an Incompetent Person.— The county judge of Rockland county appointed a referee to examine the accounts of committees of certain incompetent persons. In confirming the report of the referee, the county judge, with reference to the estate of one of the incompetents, the assets of which amounted to less than $5,000, directed that the referee's fee and expenses, stated in the order of confirmation, be paid by the county treasurer of Rockland county pursuant to the provisions of section 1379 of the Civil Practice Act. The county treasurer refused to pay the amounts and the controversy between the parties was submitted on an agreed statement of facts. The questions submitted for determination involved (1) the power of the county judge to appoint a referee under sections 1378 and 1379 of the Civil Practice Act; (2) his power to authorize the referee to take testimony with reference to the accounts; (3) his power to authorize the referee to examine the accounts for years as to which they had previously been examined; and (4) whether the referee is entitled to a mandamus or other order to enforce the order of the county judge. On the agreed statement of facts, this court finds in favor of the referee on all the questions, and it is unanimously directed, as a matter of law and not in the exercise of discretion, that a mandamus order issue directing the county treasurer of Rockland county to pay the referee, Joseph F. Haher, $100 as compensation and $15.75 for disbursements, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Petition of Frank V. Kelly, Public Administrator of Kings County, as Administrator of the Estate of Sophia Nyman, Deceased, Respondent, for a Discovery Order. Maria Carolina Appelfelt, Appellant.— Decree of the Surrogate's Court of Kings county, directing the respondent to deliver to the petitioner, public administrator, five specified bank books and the deposit receipt for three Liberty bonds, unanimously affirmed, with costs to the petitioner, respondent, payable out of the estate. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.