In the Matter of the Estate of FRANK H. LESTER, Deceased.

Surrogate's Court, Kings County, May 21, 1935.

*Cullen & Dykman,* for the petitioner.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the respondent Florence L. Lester.

*Frederick A. Keck,* special guardian.

WINGATE, S. The questions propounded on this preliminary accounting of the executor center themselves about the rights of the widow, who has recovered a judgment against the estate in the sum of $23,227.97. This was affirmed by the Appellate Division.* She has received payments on account, aggregating approximately $1,500, and is the sole creditor of the estate.

The present assets consist of approximately $8,000 in cash, and seven parcels of real property, the income from which is insufficient to pay their carrying charges.

The executor proposes to convey one of these to the widow-creditor in partial satisfaction of her judgment. The value at which such transfer is proposed is the 1934 assessed value, although

* *Brooklyn Trust Co.* v. *Lester* (239 App. Div. 422).

the widow has presented an up-to-date appraisal indicating that its actual value is about $5,000 below this figure. The widow has occupied this property since the death of the decedent without the payment of rent or any return for use and occupation, and conditions her acceptance of the proposal on a waiver of any claim in this regard, and on the payment to her, in further partial satisfaction of her judgment, of all of the cash assets of the estate except the amount necessary for administration and other expenses on this accounting, and the further sum of $500.

This depletion of the cash assets of the estate is opposed by the executor and special guardian, who contend that at least $4,000 should be retained by the former to defray future carrying charges of the other parcels of real property remaining in the estate.

Whereas the surrogate is wont on occasion to adopt a somewhat paternalistic attitude toward the administration of estates, there are many situations in which this cannot properly be done in the face of determined objections by those having paramount claims upon the assets in the hands of the fiduciary.

Such an instance is the present. No beneficiary under the will has any rights whatsoever in the estate assets unless or until the prior rights of creditors have been fully satisfied. (*Matter of Keef*, 43 Hun, 98, 100; *Matter of Casey*, 6 N. Y. Supp. 608, 609, reported by memo. only, 53 Hun, 635; *Matter of Gabler*, 242 App. Div. 797.) The widow is the only creditor and, in effect, has a prior lien (subject only to administration expenses) upon the cash assets of the estate in the same manner and to like extent that she has a legal lien on its realty by virtue of her judgment.

The date for presentation of claims has long since expired, and there is, therefore, no basis in law for declining to validate her unquestionable rights in the assets of the estate in so far as she demands their enforcement.

Except for the provisions of sections 151 and 152 of the Decedent Estate Law, the widow might have issued execution on her judgment against the estate and have required the application of its every asset, so far as necessary, to the satisfaction of her claim. The purpose of these sections, however, is not to impair the rights of a creditor when no one else entitled to equal consideration is involved, but merely to see to it that the assets are shared *pari passu* by all to whom equal consideration is due. (*Matter of Dimou*, 149 Misc. 83, 87.) It follows, therefore, that had the widow-creditor applied for leave to issue execution in the present situation, it must have been granted.

The application of these principles in the present situation is obvious. Since the widow-creditor possesses a valid and enforcible

right to compel the executor to use all the assets in its hands for the satisfaction of her demand, she may not be deprived, against her will, of her similar right to a portion thereof. The situation of the executor is that to which the Biblical injunction fully applies, to agree quickly with the adversary while she " is in the way." She has offered to permit the executor to attempt to work out certain assets which she might demand that he presently liquidate *in toto*. This offer is made subject to certain express conditions. It must be accepted or rejected as a whole. The executor cannot compel the tender of more lenient terms, and, in the present situation, the court has no greater authority.

It might be advantageous for some of the beneficiaries under the will were the executors to be permitted to speculate with the money to which the widow is presently entitled, in the hope that it might thereby better their position. The difficulty, however, is that she objects to this course, and it is for her to say. She will consent only to the use of $500 for this purpose, wherefore, if her proposal is to be accepted, no more may be retained.

It is for the executor to determine whether it will accept her proposal and the court will not usurp its functions in this regard any more than it will determine the other administrative question of whether or not any portions of the realty should be abandoned. (*Matter of Weissman*, 140 Misc. 360, 363; *Matter of Ebbets*, 139 id. 250, 253; *Matter of Storts*, 142 id. 54, 56.)

Proceed accordingly.