In the Matter of the Estate of ERNEST C. MASON, Deceased.

Surrogate's Court, Kings County, December 9, 1940.

*William N. MacLean*, attorney *pro se*, petitioner.

*Lind & Marks*, for Lenore K. Rossbach, as executrix, etc., respondent.

Dodd, J., Acting Surrogate. This is a motion to permit the issuance of an execution against the executrix of this estate upon a decretal recovery allowed after litigation here conducted.

Since the decree directing payment was made by this court, the provisions of sections 151 and 152 of the Decedent Estate Law are not applicable thereto. These enactments, as they plainly state, relate merely to " judgments," meaning recoveries in courts of general jurisdiction. Their purpose is to prevent the possibility of one claimant against estate assets securing a preference over others who are in like position. (*Matter of Lester*, 155 Misc. 536, 537; *Matter of Lesser*, 159 id. 598, 603.)

When, however, a decree is made in the Surrogate's Court itself directing a fiduciary to pay a certain sum, such decree, except in certain unusual situations not presently pertinent, or on appeal, " is * * * conclusive evidence that there are sufficient assets in his hands to satisfy the sum which the decree directs him to pay." (Surr. Ct. Act, § 79; *Matter of Strong*, 111 App. Div. 281, 284; affd., 186 N. Y. 584; *Matter of Garrity*, 149 Misc. 180, 181.)

In such a situation, the person in whose favor the decretal recovery runs possesses an absolute right to issue execution pursuant to the provisions of section 83 of the Surrogate's Court Act, in a manner similar to that permitted in courts of general jurisdiction in ordinary litigations between individuals where no questions of estate administration are involved. Whereas the execution is attested in the name of the surrogate, this is a purely formal matter in like manner to such attestations in the name of a Supreme Court justice on ordinary judgments there recovered.

Whether or not such execution has been stayed by the perfection of an appeal, is a question with which this court is not concerned. Its office in the litigation is completed upon the entry of the decree.

It follows that unless a stay has become effective, the issuance of an execution is a statutory right of the person in whose favor the decretal award has been made and no permission by the surrogate for its issuance is necessary or proper.

For the reasons stated, the application for permission to issue execution will be denied, without costs.

Enter order on notice in conformity herewith.