■ LILLIAN GRANT et al., Appellants, v. BEATRICE ADLER, as Administratrix of the Estate of ROBERT L. ADLER, Deceased, et al., Respondents, and 369 DEKALB REALTY COMPANY, INC., Appellant.— Order entered February 19, 1968, unanimously reversed, on the facts and the law, with $30 costs and disbursements to appellants, and stay vacated. In the action plaintiffs, brother and sister, sought a judgment declaring them to be each a one-third stockholder of 369 DeKalb Realty Company, Inc., and derivatively on behalf of that corporation for a judgment against the estate of a third brother, deceased, and a corporation wholly owned by his estate. The issues were wholly factual and we find no fault with the learned trial term's decision in favor of plaintiffs. After the entry of judgment defendants applied to Special Term for a stay of an execution previously issued to the Sheriff. Stay was sought pursuant to section 11–4.6 of the Estates, Powers and Trusts Law which requires permission of the Surrogate before execution can be allowed against an estate. The purpose of the statute is to retain control by the Surrogate of estates subject to his administration by preventing any one creditor from obtaining a preference over other creditors (*Matter of Mason*, 175 Misc. 458). The execution in this instance was not issued against the estate but only against the corporate defendant. It is to be noted that the estate owns only the stock of the corporation, not its assets. A creditor of the corporation could not collect aginst the estate. Conversely, he is not barred from collecting against the corporation. Merely because an estate owns a part or all of the stock of a corporation, a creditor is not barred from proceeding to collection against the corporation. And the Estates, Powers and Trusts Law is inapplicable. Concur — Stevens, J. P., Steuer, McGivern and Rabin, JJ.; Tilzer, J., concurs in the result.

■ LILLIAN GRANT et al., Respondents, v. BEATRICE ADLER, as Administratrix of the Estate of ROBERT L. ADLER, Deceased, et al., Appellants.— Judgment affirmed, with $50 costs and disbursements to the respondents. Concur — Stevens, J. P., Steuer, McGivern and Rabin, JJ.; Tilzer, J., dissents in the following memorandum: I dissent and vote to reverse and dismiss the complaint. The plaintiffs, the surviving sister and brother of Robert Adler, whose estate they sue, failed to sustain their burden of proving that they were equal stockholders with the deceased in 369 DeKalb Realty Company, Inc. The mainstream finding of fact upon which the judgment is based, the inference of ownership drawn from "maternal intent," is wholly unsupported by the record.

■ HERBERT A. MOSSLER v. HOTEL ALRAE COMPANY.— Motion for an order restraining respondent and its partners from withholding from appellant housekeeping services, and for other relief, granted, with $10 costs. Concur — Botein, P. J., Eager, Capozzoli, Rabin and McNally, JJ.

■ In the Matter of HYMAN BERNSTEIN v. JASON R. NATHAN.— Motion by petitioner to proceed upon the original record is dismissed without prejudice. Not only was the notice of motion not timely served (CPLR 2214, subd. [b]; 2103, subd. [b], par. 2) but in addition the papers fail to apprise the court of the nature of the appeal and do not contain either a copy of the notice of appeal or, as the case may be, a copy of the order transferring the article 78 proceeding to this court. Concur — Steuer, J. P., Capozzoli, Tilzer, Rabin and Macken, JJ.