John D. Behnett, S.
The decedent was a trustee under the will be Fred D. Mott and letters were issued by the Surrogate of Kings County. After the death of the decedent herein, the petitioner was appointed successor trustee of the Mott trust by the Surrogate of Kings County.
After the death of the decedent, his will was probated and letters testamentary were issued to his spouse. The petition herein sets forth that a demand was made of the executrix of the within estate to turn over the trust assets to the successor trustee of the Mott trust. The petition states that the request was not honored and the petitioner petitioned the Surrogate of Kings County to take and state the account of the decedent. The 'Surrogate of Kings County granted the petition and a decree was signed by the Surrogate and a judgment in the amount of $129,958.56 was docketed. The petitioner now seeks court approval for leave to levy execution against the within estate on said judgment pursuant to CPLR 5208.
CPLR 5208 deals with judgments obtained against decedents during their lifetime. It does not deal with judgments against the decedent’s estate after his death. In addition thereto, the petitioner cannot be granted any greater preference than that set forth under SCPA 1811. A judgment against an estate obtained after the decedent’s lifetime has no greater preference than a valid claim against an estate. The decree obtained by the petitioner establishes the value of the trust and the existence of a claim only (Matter of Gilbert, 145 Misc. 901). Such a decree is not conclusive evidence that there are sufficient assets in the hands of the fiduciary to satisfy the claim (Matter of Seaman, 63 App. Div. 49; see SCPA 602).
The petitioner herein, since his claim has been rejected, should either petition for a compulsory accounting or he should peti *823 tion for reverse discovery proceedings against the fiduciary pursuant to SOPA 2105. During the course of such a proceeding, the court would also be able to determine whether the estate herein has an interest in the realty mentioned in the petition which would therefore become an asset of the estate and could be utilized for the payment of claims. Accordingly, the petition is denied.