Millard L. Midonick, 8.
The original application was for the transfer to this court of an action pending and undetermined in the Civil Court of the ¡City of New York. The plaintiff in that action (who is the respondent in this application) consented to the transfer, and at the same time made a motion for summary judgment. A motion for summary judgment had theretofore been made in the Civil Court and was pending there. The application for permission to transfer the action to this court is accordingly granted on consent.
The claim of the plaintiff, who is the former wife of the decedent, is based upon a separation agreement. That agreement required the husband, or his estate, to pay to the wife for a specified period the sum of $1,666.67 per month. The monthly payments were made by the decedent during his lifetime and were continued by his executors until March 1, 1974. There is payment due the plaintiff for the month of March, 1974 and for the following months. The plaintiff has moved for summary judgment for all monthly sums due and payable up to the time of the entry of the decree in this court.
The executors concede that the monthly payments are due and owing to the plaintiff. They consent to the entry df a decree *456 for these amounts. The only dispute between the parties is whether the decree should include interest and costs and whether the plaintiff should be given the right to issue execution.
The executors state that the gross taxable estate of the decedent amounted to approximately $2,900,000, of which property valued at $2,700,000 consisted of stock in closely held corporations owning real property in the 'City of New York. The administration expenses and debts are stated to amount to approximately $793,000. The estate taxes total $333,000, bringing the obligations of1 the estate slightly over $1,000,000. The executors contend that the issuance of execution would cause a distress sale -of the realty at a forced sale price, to the damage of the estate. There is little argument respecting the interest on the amount due to her. By virtue of the contract these amounts are payable each month. Failure to pay each installment constitutes a default on the part of the estate. The plaintiff is entitled to interest on each installment from the due date at the rate of 6% per annum (CPLR 5001, 5002). Interest will he payable to the plaintiff on the total amount stated in the decree from the date of the entry thereof (CPLR 5002).
-Costs in the Surrogate’s Court are in the discretion of the Surrogate (SCPA 2302). The court will reserve for determination upon the settlement of the decree all questions of the allowance of costs.
Execution cannot be issued upon a judgment for a sum of money against an executor until an order permitting the issuance of execution has been made by the Surrogate’s Court (EPTL 11-4.6). The primary purpose of the statute requiring the court’s permission is to prevent the possibility of one estate creditor obtaining an undue advantage over others who have the same or a preferred status. The statute was not intended to impair the rights of creditors generally. (Grant v. Adler, 30 AD 2d 657; Matter of Mason, 175 Misc. 458; Matter of Lesser, 159 Misc. 598, 603; Matter of Lester, 155 Misc. 536, 537.) However, the court must always consider the rights of1 all persons interested in the estate. The appraised value of the assets in this estate would appear to indicate the existence of a substantial surplus over the obligations of the estate. However, the letters testamentary were issued in February, 1972 and there may well have been a diminution in value of the assets of the estate. It is not possible to say what a forced -sale of any assets will cause at this time and whether it would affect the rights of other claimants and creditors.
*457 The rights of creditors, as well as claimants for administration expenses and tax assessments, are entitled to preference over the rights of legatees and devisees. All of the obligations of the estate must be satisfied before legacies can be paid. Creditors cannot be expected to sacrifice or postpone their rights in order that the property may enhance in value for the benefit of the legatees and devisees. Creditors are entitled to immediate payment of their claims.
The executors must therefore undertake to raise sufficient cash to pay the obligations of those who are unwilling to postpone payment of their claims. The executors should be able to choose the items of property and the manner of sale and should consider the rights of various beneficiaries in proceeding to realize cash on property sold by them. They must, however, act decisively and promptly to pay the necessary debts. The plaintiff claims to be in dire need, and she is entitled to payment of her claim.
Before acting upon the request for the issuance of execution the court will require the executors to report promptly in this proceeding their decisions and efforts to raise the immediate cash. The court will then take such further steps as may be necessary. An intermediate order may be submitted on notice transferring the action and granting summary judgment and the matter is reserved for final determination on the steps to satisfy the debts.