OPINION OF THE COURT
Bertram R. GelfanD, S.
This is an application by the successor fiduciary to stay *989 respondents from taking further steps to execute against the estate assets in order to collect sums due to the respondent pursuant to a decree of this court entered on May 13, 1977. Movant also seeks to vacate an execution heretofore made and direct the return to the estate of the funds collected. When the application was initiated, it appears to have been the position of the successor fiduciary that he would not make the payments directed in the decree because of concern that a pending appeal from said decree might alter the terms of the decree. Prior to the final submission of this application the decree involved was affirmed. Prior to the instant application no party had made any application to either this court or the Appellate Division to stay execution of the decree. The question of any further stay of execution is now moot as a result of the affirmance of the decree. The only question remaining is the appropriateness of the prior execution.
On this issue it is the contention of the movant that the respondents were precluded by EPTL 11-4.6 from proceeding to execute upon this court’s decree without first obtaining specific leave of the court to issue such execution. This position is without merit. Specific leave of a Surrogate’s Court is not required in order to issue an execution upon a decree rendered by that court. Any such provision would lead to the conclusion that attached to every Surrogate’s Court decree is an automatic stay of execution until a second application is made to allow execution upon that decree. EPTL 11-4.6 creates no such automatic stay. It is not the purpose of the section to render Surrogate’s decrees unenforceable except by specific leave. The right to execute on a Surrogate’s decree was succinctly summarized in Matter of Mason (175 Misc 458, 459), where it was stated, "[i]t follows that unless a stay has become effective, the issuance of an execution is a statutory right of the person in whose favor the decretal award has been made and no permission by the surrogate for its issuance is necessary or proper.”
It is the purpose of EPTL 11-4.6 that where a party obtains a judgment against a personal representative in a court of general jurisdiction, that by such judgment he not gain any unfair advantage over parties having other claims against or an interest in an estate. (Grant v Adler, 30 AD2d 657; Matter of Fernandez, 79 Misc 2d 455, 456.) The rationale of the statute being that only in this way can the Surrogate, with jurisdiction over the over-all administration of an estate, be able to insure that upon an accounting the rights of all *990 claimants and distributees can be fairly adjudicated in relation to each other without undue advantage having been obtained by the execution of a judgment issued in a court of general jurisdiction, in a proceeding to which other parties interested in the estate were not parties. In the administration of insolvent estates all general claims must abate pro rata without any preference in payment being given to a swift creditor who obtained a judgment against a fiduciary in a court of general jurisdiction (SCPA 1811, subd 3). Likewise, no general claims can be paid until preferred liabilities are satisfied (SCPA 1811, subds 1, 2).
The language of EPTL 11-4.6 by the use of legal words of art further emphasizes the absence of its applicability to decrees of the Surrogate’s Court administering a decedent’s estate. The section specifically refers only to a "judgment” and does not make any mention of a "decree”. All matters in the Surrogate’s Court are special proceedings (SCPA 203). All special proceedings are to be determined by decree (SCPA 601). The determinations of matters by "judgment” are in accordance with the provisions of the CPLR (CPLR 105, subd [k]). The provisions of the CPLR do not apply to Surrogate’s Court proceedings except to the extent the subject matter is not covered by the SCPA (SCPA 102). That Surrogate determinations are by "decree” only is covered in the SCPA (SCPA 601).
The application presents a further question as to rights of unpaid parties to interest on the sums due to them under the decree entered May 13, 1977. Interest accrued prior to the date of the decree is incorporated in the terms of the decree and is payable only to the extent provided therein. Interest since the entry of the decree is payable at the rate of 6% from the date of entry pursuant to CPLR 5003 and 5004.
The motion to vacate the execution and for any further stay is denied. To the extent a preliminary stay was incorporated in the order to show cause it is vacated.