OPINION OF THE COURT
C. Raymond Radigan, J.
In this proceeding by a judgment creditor of decedent for leave to issue execution against the real property owned by the decedent at the time of his death (SCPA 1812), the papers show that an action to foreclose a mortgage on the premises is pending in the Supreme Court, Nassau County.
The purpose of SCPA 1812, like EPTL 11-4.6, is to prevent one creditor from obtaining an undue advantage over another of the same class in the distribution of assets of an estate (Matter of Perkins, 122 Misc 593, 597; cf., Matter of Fernandez, 79 Misc 2d 455, 456). The aim of section 1812 is accommodated by subdivision (3) of RPAPL 1362 (see also, CPLR 5208). Subdivision (3) of RPAPL 1362 provides as follows: "If real property or an interest in real property which is liable to be disposed of as prescribed in article thirteen of the surrogate’s *1055 court act,[*] be sold to satisfy a mortgage or other lien thereon, which mortgage or lien occurred during the decedent’s lifetime, the surplus money shall be paid in to the surrogate’s court having jurisdiction to issue letters testamentary * * * in the following cases: (a) If eighteen months have not elapsed since the date when letters testamentary or of administration were first issued.”
The case at hand falls within subdivision (3) (a) of the quoted statute, and petitioner should be and is directed to pursue his remedy against the surplus money arising from the mortgage foreclosure action. When the funds are transferred to this court pursuant to the statute, the administrator will be directed to bring on an accounting proceeding in which proceeding all claims can be adjudicated.
The application is accordingly dismissed.

* Now SCPA article 19.