| Matter of Kagan |
|:---:|
| 2024 NY Slip Op 32442(U) |
| July 12, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2020-353/C |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------x
In the Matter of the Application to Enforce a Judgment
Against the Estate of

      IRVING KAGAN,

                 Deceased.
-----------------------------------------------------------------------------x
In the Matter of the Application of Rafic Saadeh for a
Decree Revoking Letters of Administration Issued to
Michael Kagan and the Appointment of the New York
County Public Administrator as Administrator d.b.n. of
the Estate of

      IRVING KAGAN,

                 Deceased.
-----------------------------------------------------------------------------x

DECISION and ORDER

File No.: 2020-353/C

File No.: 2020-353/D/E

M E L L A, S.:

In companion proceedings in the Estate of Irving Kagan, Rafic Saadeh (Petitioner), a creditor of the estate, seeks 1) leave to execute on a money judgment obtained against the estate in the Federal District Court, Southern District of New York (Judgment Proceeding); and 2) an order revoking the Letters of Administration issued to Michael Kagan (Michael) pursuant to SCPA 711(2) and (3) and appointing the Public Administrator of the County of New York as Administrator d.b.n. (Removal Proceeding).

Background

Decedent Irving Kagan died on January 12, 2020, survived by two sons, Michael and Joshua. Limited Letters of Administration issued to Michael on February 3, 2020, which restrained Michael from compromising any cause of action without further order of this court pursuant to EPTL 5-4.6. The letters were subsequently amended on September 30, 2020, to also reflect that the value of decedent's personal property does not exceed the sum of $10,000. This

valuation was confirmed by the inventory of assets Michael filed with the court on January 13, 2023.

Based upon decedent's failure during his lifetime to repay a $130,000 loan Petitioner had extended to decedent in July of 2017, Petitioner filed a claim against the estate, dated March 16, 2020, pursuant to SCPA 1803. He then initiated litigation against the estate in federal court to recover the debt (Federal Court Litigation) and on September 27, 2021, that court awarded Petitioner a default judgment against the estate (Judgment) in the total amount of $178,265.02, with post-judgment interest to accrue at the statutory rate. After obtaining the Judgment, Petitioner filed the Judgment Proceeding[1] and the Removal Proceeding. On January 3, 2024, this court issued an order in each proceeding setting a deadline for the filing of a verified answer or objections. Michael filed objections in the Removal Proceeding, but none of the Respondents, including Michael, filed a responsive pleading in the Judgment Proceeding.[2]

Petitioner contends that through discovery conducted in the Federal Court Litigation, decedent's estate had two principal assets: a house in Pennsylvania and a cause of action in the United Kingdom for legal fees owed to decedent, who was an attorney (the UK Litigation). Both of the instant proceedings allege that Michael acted in contravention of his limited letters and to the detriment of the estate and its creditors by 1) causing the estate to borrow funds in order to

---

[1] Petitioner requests in the Judgment Proceeding the entry of a decree pursuant to CPLR 5208, which addresses execution of a judgment upon the death of a judgment debtor by leave of the court. Because Petitioner initiated litigation to recover the unpaid loan against the estate and its personal representative after decedent's death, enforcement of this judgment against the estate is governed by EPTL 11-4.6.

[2] Respondent 200 W. 60th Street Associates, LLC, an alleged estate creditor, filed an "Affirmation of Objection" on January 9, 2023. However, the document was defective. The court noted the defect in its January 3, 2024 Order regarding the filing of responsive pleadings but the defect was not cured.

proceed with the UK Litigation, 2) entering into a settlement agreement in the UK litigation and an agreement with UK counsel directing that any proceeds from the UK Litigation be paid to third-party lenders and not to the estate, and 3) selling the Pennsylvania home for a below market price and incurring additional debt with respect to that sale. Michael, for his part, challenges Petitioner's allegations and avers that he acted within the scope of his authority and that any action he has taken as Administrator was in the best interests of the estate.

Discussion

The court addresses first the Judgement Proceeding. Pursuant to SCPA 509, uncontroverted allegations in a petition constitute "due proof of the facts therein stated." Nonetheless, Petitioner is still required to make a prima facie showing of entitlement to the relief sought "by proof beyond the four corners of the . . . petition if the proof arriving from Respondents' default does not amount to such a case" (*Matter of Zhuang*, NYLJ, October 8, 2021, at 17, col 2 [Sur Ct, NY County]; *Matter of Yankowitz*, NYLJ, August 15, 2005, at 36, col 2 [Sur Ct, Westchester County]).

Where a judgment creditor seeks to execute on a judgment against estate assets, EPTL 11-4.6 provides that such judgment creditor must obtain leave of this court (*see* Margaret V. Turano, Practice Commentaries, McKinney's Cons Laws of NY, EPTL 11-4.6). This mechanism protects other creditors who may have rights prior to or equal to the judgment creditor, particularly when there are insufficient assets to satisfy all claims in full (*see* SCPA 1811; *Grant v Adler*, 30 AD2d 657 [1st Dept 1968]; *Matter of Fernandez*, 79 Misc 2d 455, 456 [Sur Ct, New York County 1974]). In fact, an order granting leave to execute on a judgment is presumptive evidence that there are sufficient assets on hand to satisfy the judgment (*see* SCPA 602). To obtain leave of this court, Petitioner is required to make a threshold showing that the assets

3

which are, or should be, in the fiduciary's hands are sufficient to satisfy the debt and that payment will not adversely affect other creditors of equal or higher status (*see Matter of Warren*, 105 App Div 582, 587 [1st Dept 1905]; *Matter of Dimou*, 149 Misc 83, 87 [Sur Ct, Kings County 1933]; *Matter of Feldman*, NYLJ, April 17, 1992, at 27, col 1 [Sur Ct, New York County]). If any doubt exists as to whether a Petitioner has made such a showing, the court may require an accounting to determine the condition of the estate (*Matter of Nikas*, NYLJ, April 5, 1995, at 1, col 3 [Sur Ct, New York County]; *Matter of Dimou*, 149 Misc at 87, citing *Matter of Congregational Unitarian Socy.*, 34 App Div 387, 389 [1st Dept 1898] [court affirmed an order directing an accounting prior to granting leave to execute on a judgment]).

Petitioner here is not a preferred claimant as the judgment was obtained after decedent's death and therefore is not entitled to any greater preference than other valid claims of the same class (*see* SCPA 1811[3]; *Matter of Klupt*, 65 Misc 2d 822 [Sur Ct, Nassau County 1971] [judgment against estate obtained after decedent's lifetime has no greater preference than any other valid claim against estate]). Based upon the allegations in the petition, the court is unable to determine whether the estate is solvent, or whether there are any New York assets to satisfy the judgment, and therefore cannot grant, on this record, leave to execute on the judgment. Petitioner has failed to make the required threshold showing that, even if there are sufficient assets to pay the debt, enforcing the judgment would not prejudice other creditors.

It is well established that the court has broad authority to direct a fiduciary to account when it appears to be in the best interests of the estate (SCPA 2205, 2206; *Matter of Stortecky v Mazzone*, 85 NY2d 518 [1995]). Under these circumstances, the court concludes that it is in the best interests of the estate to order Michael, as Administrator, to account. Accordingly, he is directed to file his account, together with a petition for its judicial settlement, and any other

4

submissions required to obtain the issuance of a citation in the accounting proceeding, within 60 days of the date that this Decision and Order is served upon him, with notice of entry. Michael shall then cause citation to be issued and service to be made, without undue delay, on all persons interested in the accounting proceeding pursuant to SCPA 2210. Petitioner's request for leave to execute on his judgment is denied without prejudice to seeking such relief in the accounting proceeding or in a separate proceeding providing the necessary threshold information.

As for the Removal Proceeding, Petitioner relies upon the same allegations as he does in the Judgment Proceeding, arguing that Michael is unfit to serve because he has exceeded the authority of his letters, improvidently managed estate assets and lacked candor with this court and Petitioner while doing so (SCPA 711[2] and [3]).

Upon careful review of the petition and Michael's Objections, the court concludes that Petitioner's concerns and allegations are more appropriately addressed in the context of a hearing in an accounting proceeding, which Michael has been directed to file. This is particularly so given that Petitioner's allegations are all disputed by Michael and, even if proven to be true, those allegations do not identify an immediate or present harm to the estate that would require removal or suspension of the Administrator at this time (*see* SCPA 711; *Matter of Margolin*, NYLJ, June 12, 2020, at 19, col 1 [Sur Ct, New York County]). For these reasons, the Removal petition is denied without prejudice to Petitioner's pursuit of such claims or seeking appropriate relief in the accounting proceeding.

This decision constitutes the order of the court.

Clerk to notify.

Dated: July 12, 2024

_____
S U R R O G A T E

5

[* 5]